WILLIAM McKEE NOWELL AND WIFE, SARAH BLANCHE NOWELL v. THE GREAT ATLANTIC & PACIFIC TEA COMPANY, A CORPORATION, AND P. S. WEST CONSTRUCTION COMPANY, INC., A CORPORATION.

(Filed 12 June, 1959.)

**1. Limitation of Action § 1—**

While statutes of limitation are inflexible and operate without regard to the merits, when failure to institute action within the time limited has been induced by acts, representations or conduct which would render the plea of the statute a breach of good faith, equity will deny the right to assert the defense on the principle of equitable estoppel.

**2. Estoppel § 4—**

The doctrine of equitable estoppel requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed.

**3. Limitation of Action § 15—**

Where plaintiff in his complaint has alleged matters *in pais* amounting to an estoppel of defendant from asserting the bar of the statute of limitations, it is not required that plaintiff again allege such matters in reply to defendant's answer setting up the plea of the statute.

**4. Limitation of Action § 14— Whether action was instituted within three years from date contractor ceased attempts to remedy structural defects held for jury.**

In this action to recover for defects in the construction of a building, defendant contractor asserted the bar of the statute of limitations on the ground that the action was not instituted within three years after the completion of the building and its acceptance by the tenant. Plaintiff's allegations and evidence were to the effect that prior to the completion of the building controversy arose as to certain defects, that defendant contractor promised to remedy the same and that efforts to correct the structural errors continued until less than three years prior to the institution of action when defendant contractor advised by letter that he would assume no further responsibility in regard thereto. *Held:* The evidence was sufficient to go to the jury on the issue as to whether the action was barred by the three year statute of limitations.

APPEAL by defendant P. S. West Construction Co., Inc., from *Clark, J.,* September, 1958 Term, WAKE Superior Court.

Civil action for damages the plaintiffs alleged resulted from the defective and faulty construction of a store building and parking lot in the City of Raleigh. The plaintiffs agreed to have constructed a store building and parking lot and to rent them to the Great Atlantic & Pacific Tea Company for a period of ten years at a rental based on the cost of construction. The Tea Company insisted the building should be erected according to its plans and specifications and that its engineer, R. L. Taylor, should supervise the construction.

On August 2, 1950, the plaintiffs entered into a contract with the appellant to do the construction work according to the Tea Company's plans at a price of $74,500.00, to be paid at the time the Tea Company accepted possession as tenant. On April 1, 1951, the Tea Company entered into possession and the plaintiff paid the appellant the contract price. However, in November, 1950, a controversy arose between the plaintiffs and the appellant with respect to the waterproofing of the walls and floors of the building then under construction. On February 26, 1951, the appellant notified the plaintiff by letter, "We have found the trouble and made the necessary corrections. I am certain there will be no water or moisture coming through these walls in the future. However, should there be, my company will be entirely responsible and we will remedy the situation, if it should occur." The plaintiffs also made complaint that the roof and the windows were not constructed in a workmanlike manner, were leaking and required correction. The controversy continued with respect to the building and was extended to include the surfacing of the parking lot, especially the lack of re-enforcing called for by the contract.

On February 22, 1954, the vice president of the appellant wrote plaintiffs' counsel: "I have received a report from Mr. H. C. Thompson (appellant's employee) concerning the above job. He stated that leaks were caused where the parapet wall was flashed and was not due to leaks, or holes in the roof, nor was any water coming through the walls of the building. He advised me that he has fixed this parapet by completely covering it with waterproof felt and mastic, and feels sure that it will give you no more trouble during the length of time this roof should be good. He checked the building with the manager on Sunday, February 21st, . . . and did not find any leaks coming from the roof, or through the wall. However, there was considerable water coming into the sump and drain tile under the floor, and was having to be pumped out . . . We will assume no further responsibility for this condition, and it should give no trouble, except when you have a very large rainfall in a short time."

The plaintiffs instituted this action on August 23, 1956. The defendants pleaded three defenses: (1) That the construction work was according to contract; (2) that the work was supervised by R. L. Taylor, (engineer for the Tea Company) agent of the plaintiffs; and that the building and parking lot were accepted as finished construction jobs in 1951; (3) that more than three years elapsed between the date the plaintiffs' cause of action accrued and the time suit was brought.

The plaintiffs had alleged in the complaint the negotiations and attempts at repair, and their reliance on the promises to correct the defects. The first notice they had of defendant's refusal to carry out its promises was in the letter of February 22, 1954.

At the close of the plaintiff's evidence, judgment of involuntary nonsuit was entered as to the Tea Company on the ground the action was barred by the statute of limitations. Motion to nonsuit as to the appellant was denied. The defendant then introduced evidence and excepted to the court's refusal to enter judgment of nonsuit.

The court submitted three issues: (1) Did the defendant breach the contract? (2) Did the plaintiffs institute the action within three years from the time it accrued? (3) Amount of damage plaintiffs were entitled to recover for the breach.

The defendant did not object to the issues tendered, and did not tender others. The jury answered the first and second issues, yes; and the third issue, $6,500.00. From the judgment on the verdict, the defendant appealed.

19—250

*Thomas W. Ruffin for plaintiffs, appellees.*
*James & Speight, W. C. Brewer, Jr., for defendant P. S. West Construction Co., Inc., appellant.*

HIGGINS, J. The plaintiffs' evidence disclosed the action against the Tea Company was not brought within three years from the time it accrued. The evidence established the Tea Company's plea in bar. Nonsuit was required. The appellant interposed a like plea which the court overruled. Assignment of Error No. 2 challenges this ruling.

The appellant has contended the nonsuit should have been entered upon two grounds: First, the allegations and the evidence showed that R. L. Taylor, engineer for the Tea Company, was also the agent of the plaintiffs and, as such, had supervised the construction and, with full knowledge of the manner in which the work had been done, accepted the structures. Second, the suit was not brought within three years from the time the action accrued. However, the plaintiff's pleadings and evidence disclosed that before the appellant completed the construction work the plaintiffs had complained of the defects in the walls, roof, and windows. Prior to the time the work was completed and the Tea Company entered into possession, the plaintiffs, by their complaints and objections, gave notice that they did not waive the defects. They relied on the assurances given by the appellant on March 8, 1951, that necessary corrections would be made. "My company will be entirely responsible and we will remedy the situation, if it should occur."

The efforts of the appellant to correct the structural defects continued at intervals until February 22, 1954. On that date, for the first time, the appellant gave notice, "We will assume no further responsibility for this condition." Thus the evidence fails to support the contention the plaintiffs accepted the building and foreclosed their right to have the defects corrected. Their conduct in pressing for repairs denied the claim that Taylor had unconditionally accepted the structure and waived the defects.

The appellant, however, placed its main reliance for nonsuit on the ground the construction was completed, possession was delivered, and the contract price paid on April 1, 1951. The plaintiffs delayed bringing this action until August 23, 1956. Therefore, the defendant contends its plea of the statute of limitation should have been sustained, and a judgment of nonsuit entered. The appellant cites as authority the following: *Shearin v. Lloyd,* 246 N.C. 363, 98 S.E. 2d 508; *Lester v. McLean,* 242 N.C. 390, 87 S.E. 2d 886; *Lewis v. Shaver,* 236 N.C. 510, 73 S.E. 2d 320; *Vail v. Vail,* 233 N.C. 109, 63 S.E. 2d

202; *Aydlett v. Major & Loomis Co.,* 211 N.C. 548, 191 S.E. 31; *Peal v. Martin,* 207 N.C. 106, 176 S.E. 282; *Town of Franklin v. Franks,* 205 N.C. 96, 170 S.E. 113; *Burgin v. Smith,* 151 N.C. 561, 66 S.E. 607.

A statute of limitation operates as a complete defense, not for lack of merit, but for security against the attempt to assert a stale claim. "Statutes of limitations are inflexible and unyielding. They operate inexorably without reference to the merits of plaintiff's cause of action. They are statutes of repose, intended to require that litigation be initiated within the prescribed time or not at all." *Shearin v. Lloyd, supra.*

The lapse of time, when properly pleaded, is a technical legal defense. Nevertheless, equity will deny the right to assert that defense when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith. "The doctrine of equitable estoppel is based on an application of the golden rule to the everyday affairs of men. It requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed. . . . Its compulsion is one of fair play." *McNeely v. Walters,* 211 N.C. 112, 189 S.E. 114. The plaintiffs have pleaded the facts showing equitable estoppel in stating their cause of action in the complaint. Having pleaded them once, it was not necessary to repeat them by reply.

The plaintiffs argue they accepted in good faith the defendant's statement: "We have found the trouble and made the necessary corrections. . . . My company will be entirely responsible and we will remedy the situation, if it should occur." They relied upon the promise and did not sue while efforts to correct the structural errors were under way. The appellant, by its promises, invited the delay and should not complain that the invitation was accepted.

However, on February 22, 1954, for the first time, the appellant gave notice it would assume no further responsibility. Suit was brought within less than three years from the date of that notice. *Smith v. Gordon,* 204 N.C. 695, 169 S.E. 634.

The evidence was sufficient to go to the jury on the second issue. The jury's answer was conclusive. The plaintiffs' right to avoid the statutory bar by matters *in pais* is recognized in many cases, among them: *Peek v. Trust Co.,* 242 N.C. 1, 86 S.E. 2d 745; *Hawkins v. Finance Co.,* 238 N.C. 174, 77 S.E. 2d 669; *Washington v McLawhorn,* 237 N.C. 449, 75 S.E. 2d 402; *Long v. Trantham,* 226 N.C. 510, 39 S.E. 2d 384; *Small v. Dorsett,* 223 N.C. 754, 28 S.E. 2d 514; *Scott v. Bryan,* 210 N.C. 478, 187 S.E. 756; *Bank v. Clark,* 198 N.C. 169, 151

S.E. 102; *Wells v. Crumpler,* 182 N.C. 350, 109 S.E. 49; *Boddie v. Bond,* 154 N.C. 359, 70 S.E. 824.

The defendant's only assignment of error is to the court's refusal to nonsuit. If the evidence was sufficient to support the issues and the issues were sufficient to support the judgment, the motion to nonsuit was properly denied. The contract was admitted. The evidence before the jury was sufficient to warrant the finding (1) that the contract was breached, (2) that the action was not barred, and (3) that the plaintiff suffered some damage. The issues and the jury's answers to them are sufficient to sustain the judgment.

No Error.