NORMAN EARL BRANTLEY v. FORREST V. DUNSTAN AND WALLACE R. GRAY

No. 7110SC133

(Filed 31 March 1971)

**1. Rules of Civil Procedure § 56— claim barred by statute of limitations — summary judgment**

Where the record discloses that plaintiff's claim is barred by the statute of limitations, defendants are entitled to judgment as a matter of law, and summary judgment under G.S. 1A-1, Rule 56, is appropriate.

**2. Attorney and Client § 5; Limitation of Actions § 4— action against attorneys — negligence in filing defective summons — accrual of cause of action**

Cause of action to recover damages for alleged negligence of defendant attorneys in filing a fatally defective summons in plaintiff's action against a third party, whether sounding in contract or tort, accrued at the time the defective summons was filed, not when plaintiff thereafter dismissed defendants as his attorneys or when the Court of Appeals determined that plaintiff's claim against the third party was barred by the statute of limitations; consequently, plaintiff's action instituted against defendant attorneys more than three years after the defective summons was filed is barred by the statute of limitations. G.S. 1-52(1) and (5).

APPEAL by plaintiff from *Clark, Superior Court Judge,* 14 September 1970, Civil Term, WAKE County General Court of Justice, Superior Court Division.

Plaintiff instituted this action by filing a complaint 26 July 1970 seeking to recover from the defendants, attorneys-at-law, damages for alleged negligence on the part of the defendants in failing properly to file a cause of action on behalf of the plaintiff against one Lester Sawyer. Plaintiff alleged that he was involved in an automobile accident with Lester Sawyer on 26 November 1962 and suffered property damage and personal injury. Plaintiff then entered into a contract of employment with the defendants to institute a civil action for damages against Lester Sawyer. Defendants waited until 26 November 1965 to institute the action in the Superior Court of Dare County. The summons was dated 26 November 1965 and was served on Lester Sawyer 1 December 1965. It required him to appear before the Clerk of Court in Pasquotank County rather than Dare County within thirty days and answer the complaint. On 31 December 1965, Lester Sawyer filed with the Clerk of Superior Court of Dare

County a special appearance and motion to dismiss on the grounds that the court had never acquired jurisdiction over his person in that the summons directed him to appear in the wrong county. The hearing on the motion to dismiss was delayed and the case remained pending for several years until January 1969.

Sometime in September 1968, the plaintiff dismissed the defendants as his attorneys and employed other counsel. On 20 January 1969, the plaintiff filed a motion seeking to amend the summons served on Lester Sawyer. The motion was heard and an order entered allowing the summons to be amended, but this order was reversed on appeal to this Court. A subsequent order was entered in Dare County Superior Court dismissing plaintiff's action against Lester Sawyer.

Plaintiff alleges that his loss of the claim against Lester Sawyer was the result of defendants' failure properly to file the complaint and summons in Dare County Superior Court. Plaintiff seeks damages in the amount of $50,000.00, this being the alleged value of the claim against Lester Sawyer plus other damages suffered by the plaintiff occasioned by the improper filing of the complaint by the defendants.

Both defendants answered, denying the material allegations and affirmatively pleading the statute of limitations as a second defense. Both defendants then moved for summary judgment on the ground that the action was barred by the statute of limitations.

From an order granting defendants' motions for summary judgment and dismissing the action as to both defendants, the plaintiff appeals to this Court.

*Broughton, Broughton, McConnell & Boxley by J. Mac Boxley and Charles P. Wilkins for plaintiff appellant.*

*Smith, Anderson, Dorsett, Blount & Ragsdale by James D. Blount, Jr., for defendant appellee Forrest V. Dunstan.*

*Maupin, Taylor & Ellis by Thomas F. Ellis for defendant appellee Wallace R. Gray.*

CAMPBELL, Judge.

[1] The sole question presented upon this appeal is whether the record discloses that the plaintiff's claim is barred by the running of the statute of limitations. If so, defendants were en-

titled to judgment as a matter of law and summary judgment, under Rule 56, N. C. Rules of Civil Procedure, was appropriate. Whether regarded as arising out of contract or tort, the prescribed period for the commencement of the action is three years. G.S. 1-52(1) and (5).

**[2]** The record discloses that the injury complained of occurred when the defective summons was filed 26 November 1965. The present action was instituted when the complaint was filed on 26 June 1970, more than four years after the injury occurred.

Plaintiff contends that (1) the claim against the defendants sounds in contract rather than tort; (2) the filing of the defective summons on 26 November 1965 was a breach of the contract; (3) the breach was waived and performance continued under the contract; and that (4) the claim did not accrue until a subsequent breach of the contract occurred in September 1968 when plaintiff dismissed the defendants as his attorneys. However, under the facts presented, whether the claim sounds in contract or in tort makes no difference in regard to the outcome. Plaintiff's complaint discloses only that the plaintiff was dissatisfied with defendants' services and dismissed them in September 1968. The complaint, if it in fact sounds in contract, although we do not so hold, fails to allege any subsequent breach of the contract that would begin anew the running of the statute of limitations.

Plaintiff further contends that the claim against the defendants did not accrue until this Court determined that plaintiff's claim against Lester Sawyer was barred. *Brantley v. Sawyer,* 5 N.C. App. 557, 169 S.E. 2d 55 (1969). But the North Carolina Supreme Court has consistently held that the claim accrues at the time of the invasion of the right, and that nominal damages, at least, flow from such invasion. *Land v. Pontiac, Inc.,* 6 N.C. App. 197, 169 S.E. 2d 537 (1969), and cases cited therein.

> ". . . Where there is either a breach of an agreement or a tortious invasion of a right for which the party aggrieved is entitled to recover even nominal damages, the statute of limitations immediately begins to run against the party aggrieved, unless he is under one of the disabilities specified in G.S. 1-17. . . . It is unimportant that the actual or the substantial damage does not occur until later if the whole injury results from the original tortious act. . . . It is likewise unimportant that the harmful consequences of the breach of duty or of contract were not

discovered or discoverable at the time the cause of action accrued. . . ." *Jewell v. Price,* 264 N.C. 459, 142 S.E. 2d 1 (1965).

[2]　We hold that the claim accrued at the time of the filing of the defective summons and that the claim is now barred by the running of the statute of limitations.

The order granting defendants' motion for summary judgment and dismissing plaintiff's claim is

Affirmed.

Judges BRITT and HEDRICK concur.