**Conrad W. LATTIMORE, Plaintiff,**

v.

**LOEWS THEATRES, INC., Defendant.**

No. C–75–79–G.

United States District Court, M. D. North Carolina, Greensboro Division.

Dec. 2, 1975.

Jonathan R. Harkavy, Greensboro, N. C., for plaintiff.

Thornton H. Brooks and M. Daniel McGinn, Greensboro, N. C., for defendants.

## MEMORANDUM AND ORDER

GORDON, Chief Judge.

In the Initial Pre-Trial Conference Memorandum and Order issued by this Court on June 2, 1975, the Court noted that there were no pending motions in the case other than those appearing in the answer of the defendant which had been filed on April 21, 1975. The Court proceeded in the Memorandum and Order to request the defendant to review the various defenses raised, and, if counsel for the defendant deemed that it would expedite the determination of the issues in the case to file an independent motion regarding any of the defenses that had been raised, the Court requested that such be done. On August 19, 1975, the defendant did file a motion "to dismiss parts of the complaint or in the alternative to grant partial summary judgment." This motion was accompanied by a supporting brief. On September 10, 1975, plaintiff filed with the Court a response to the defendant's motion and an accompanying memorandum in support of the response.

The defendant challenges three aspects of the plaintiff's complaint. On each issue the defendant moves in the alternative either for dismissal or for partial summary judgment. Testimony has been taken in the form of a deposition of the plaintiff, accompanied by seven exhibits of documents relevant to the issues raised in the case, and briefs have been filed by both parties covering the questions of law at issue. The Court will treat the defendant's motion as one for summary judgment, pursuant to the

provisions of Rule 12(b) of the Federal Rules of Civil Procedure and Local Rule 21 of this Court. Because each of the three objections raised involve different statutes and different legal questions, each merits separate consideration in this Memorandum and Order.

## I.

The defendant has moved for partial summary judgment against the plaintiff's claim under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq. The defendant asserts that the alleged unlawful employment practices which the plaintiff claims took place prior to August 8, 1971, are beyond the reach of the Equal Employment Opportunities Commission (EEOC) and this Court. This position is based upon the defendant's interpretation of a provision of Title VII which was in effect at the time of the alleged discrimination. That section of Title VII provided that:

"A charge under subsection (a) shall be filed within ninety days after the unlawful employment practice occurred . . . ."

It is the company's position that this requirement bars consideration of alleged events which took place more than ninety days before a complaint was filed with the EEOC. In this case an EEOC complaint was filed by the plaintiff on November 8, 1971, and the defendant contends that in the sworn deposition of the plaintiff taken on March 24, 1975, the only specific act of alleged discrimination cited by the plaintiff that occurred in the ninety-day period between August 8 and November 8, 1971, was the termination of his employment on October 15, 1971.

The plaintiff contends that he had been hired by the defendant company in July, 1970, as a "management trainee" but that, because of his race, he was not afforded the same opportunities and treatment as other management trainees. This discriminatory treatment, the plaintiff alleges, culminated in his dismissal. Upon his discharge he filed his complaint with the EEOC. The complaint alleged discrimination which began after July, 1970, and continued until his dismissal. This charge is set forth in Paragraph 7 of the action plaintiff filed with this Court on March 7, 1975, which reads:

"During the period from approximately July of 1970 through October 15, 1971, defendant committed unlawful employment practices against the plaintiff in that (i) it failed and refused to afford plaintiff the same terms and conditions of employment as a 'management trainee' because of his race and (ii) it failed and refused because of his race to transfer plaintiff out of the department into which he had first been assigned."

There is an abundance of precedence to support the contention of the plaintiff that continuous discrimination, such as that alleged in this case, is not limited to acts which occurred within ninety days of the filing of an EEOC complaint. This Court so held in *Tippett v. Liggett and Myers Tobacco, Co.,* 316 F.Supp. 292, 296 (M.D.N.C.1970):

"If the facts are proved to be as alleged, continuous discrimination is apparent. This is not the case of a layoff with nothing more. It is a case of prior discrimination reaching effectively into the present."

See also, *Bartmess v. Drewrys, U. S. A., Inc.,* 444 F.2d 1186, 1188 (7th Cir., 1971) and *Macklin v. Spector Freight Systems, Inc.,* 156 U.S.App.D.C. 69, 478 F.2d 979, 987 (1973). In the case at hand, plaintiff's allegations, if proven, would support a charge of continuous discrimination until the time of his discharge. Defendant's motion for partial summary judgment on the plaintiff's claim under Title VII must, therefore, be denied.

## II.

The defendant asserts that the plaintiff's second claim for relief, which is based upon 42 U.S.C. § 1981, is barred by the applicable statute of limitations

and by laches of the plaintiff. Plaintiff's cause of action concerns events which terminated on October 15, 1971. This action was initiated on March 7, 1975, over three years and four months later. The "Notice of Right to Sue" was received from the EEOC on or after December 13, 1975.

Both parties agree that consideration of a claim for relief under 42 U.S.C. § 1981 must begin with the application of the United States Supreme Court's recent ruling in *Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716, 44 L.Ed.2d 295, 43 U.S.L.W. 4623, 10 FEP Cases 817 (1975). The Court held in *Johnson* that "[s]ince there is no specifically stated or otherwise relevant federal statute of limitations for a cause of action under § 1981, the controlling period would ordinarily be the most appropriate one provided by state law."

This Court has held that § 1981 actions arising in North Carolina come under the provisions of North Carolina General Statute § 1–52 which sets forth a three-year statute of limitations. In *Broadnax v. Burlington Industries, Inc.,* 7 FEP Cases 252 (M.D.N.C.1972), the Court concluded that regardless of whether an action brought under § 1981 is considered an action in contract or an action in tort, the appropriate North Carolina statute of limitations is three years [N.C.G.S. § 1–52(1) or § 1–52(5)].

Plaintiff challenges this interpretation of the North Carolina statutes, asserting that the proper limitations period to be applied is N.C.G.S. § 1–56, the omnibus provision for a ten-year period of limitations after accrual of the cause of action. This is a catch-all section, designed to place an outer time limit on all actions not specifically covered by other sections of this subchapter of the General Statutes.

In support of his position, the plaintiff contends that

"Because actions under § 1981 were not cognizable in federal courts until after the decision of the Supreme Court in *Jones v. Mayer Co.,* 392 U.S. 409 [88 S.Ct. 2186], 20 L.Ed.2d 189 [1189] (1968), it is apparent that the draftsmen of N.C.G.S. § 1–52 did not have in mind the federal civil rights statutes as they relate to employment discrimination claims. Thus, until the North Carolina legislature indicates otherwise, it seems highly inappropriate to apply any period of limitation other than the omnibus provisions of N.C.G.S. § 1–56."

This Court is not persuaded by the plaintiff's argument. In *Broadnax v. Burlington Industries, Inc., supra,* it was concluded that

"[W]hereas actions brought under 42 U.S.C. § 1981 have all the indicia of contract actions, they should be governed by the applicable contract statute of limitations, which is three years in North Carolina. . . . Even if this action be treated as one sounding in tort, as for example, wrongful discharge, the applicable statute of limitations [is three years] . . .". (at 256).

A similar position has been taken by the United States District Court for the Eastern District of North Carolina. In *Pittman v. Anaconda Wire & Cable Co.,* 408 F.Supp. 286, 11 FEP Cases 9 (E.D.N.C.1974), Judge Dupree applied the three-year statute of limitations to a § 1981 action, noting that

"Since Section 1981 guarantees equal contract rights to black citizens, the most closely analogous state statute of limitations is N.C.G.S. § 1–52 . . ." (408 F.Supp. at 293, 11 FEP at 14)

The test that is decisive in determining which portion of the statute to apply is whether or not there is a portion of the North Carolina General Statutes that covers the type of cause of action raised by § 1981. It makes no difference whether or not the state legislature specifically had in mind § 1981 when it enacted the statutes of limitation set forth in N.C.G.S. §§ 1–52 and 1–56. This Court is convinced that the most reasonable interpretation is that § 1981 actions come within the scope of § 1–52 of the North Carolina statutes and is, therefore,

governed by a three-year statute of limitations.

█ In the alternative, the plaintiff asserts that if the three-year statute of limitations is found to apply in this case, then the Court should hold that the running of the statute was tolled when the plaintiff filed his Title VII claim with the Equal Employment Opportunities Commission's Regional Office in Charlotte, North Carolina. Had it not been for the extensive delay that occurred between the time that the plaintiff filed his EEOC complaint and the Commission's notice to him of his right to sue, it would have been possible for the plaintiff to have brought both his Title VII claim and his § 1981 claim sooner, well within a three-year period after his dismissal.

In *Johnson v. Railway Express Agency, Inc., supra,* the Supreme Court held that the Tennessee statute of limitations that was held to be applicable in that case did not contain a tolling provision. The Court concluded that

"In borrowing a state period of limitation for application to a federal cause of action, a federal court is relying on the State's wisdom in setting a limit, and exceptions thereto, on the prosecution of a closely analogous claim." 421 U.S. 454, 464, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295, 303, 10 FEP Cases 817, 820–21.

The plaintiff asserts that, unlike Tennessee, North Carolina has a well-established tolling policy which is applicable in this case. That policy is set forth in *Nowell v. Great Atlantic & Pacific Tea Company,* 250 N.C. 575, 108 S.E.2d 889 (1959):

"A statute of limitation operates as a complete defense, not for lack of merit, but for security against the attempt to assert a stale claim. . . . The lapse of time when properly pleaded, is a technical legal defense. Nevertheless, equity will deny the right to assert that defense when delay has been induced by acts, representations, or conduct, the repudiation of which

would amount to a breach of good faith. 'The doctrine of equitable estoppel is based upon an application of the golden rule to the every day affairs of men. It requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed . . . its compulsion is one of fair play.'" (108 S.E.2d 889, 891)

In this case, the plaintiff alleges that he did exactly as he was told to do by responsible officials of the defendant, officials of the EEOC, and others whom he sought out for advice. He felt that he had been discriminated against, sought advice about how to raise his claim, and acted on that advice. It was only after he received his notice of a right to sue from the EEOC and had consulted with an attorney that he discovered that he had two possible federal claims, one under Title VII and one under § 1981.

The facts and circumstances in this case appear to the Court to closely parallel those in *Pittman.* This Court concurs with the reasoning used by Judge Dupree in *Pittman:*

"It is clear that the present suit was filed more than three years after the date of Pittman's discharge from defendant's employ. This case presents a single instance of firing and is not within that line of cases finding the statute of limitations of no effect where the wrong complained of continues up to the date of the filing of the complaint. . . . However, this court is of the opinion that the statute of limitations was tolled by the timely filing of Pittman's letter . . . with the EEOC. . . .

"The court recognizes that Title VII and Section 1981 provide independent causes of action reaching private acts of discrimination and that neither preempts relief under the other. . . . However, the mere fact that the causes of action are separate is no just cause to force duplication of litigation by insistence on a strict application of

the statute of limitations. . . . This . . . policy towards avoiding duplication of litigation when considered along with the fact that the EEOC investigation imparts every bit as much notice of wrongs complained of as would the filing of a civil complaint under Section 1981 compels this court to dismiss defendant's plea in bar." (408 F.Supp. 286, 293, 294, 11 FEP Cases 9, 14)

Although *Pittman* was decided prior to *Johnson v. Railway Express Agency, Inc.,* it is the opinion of this Court that North Carolina law sufficiently recognizes an equitable right of courts to toll the state's statutes of limitations to permit a holding in this case consistent with that of Judge Dupree in *Pittman.* Plaintiff Lattimore may, therefore, proceed with this § 1981 claim, and defendant Loews' motion for partial summary judgment as to this aspect of the plaintiff's suit is denied.

### III.

■ In his third claim for relief, the plaintiff alleges that "defendant conspired with one or more persons in its employ for the purpose of depriving plaintiff of the equal protection of the laws . . . " and that, therefore, defendant violated 42 U.S.C. § 1985. Plaintiff in his deposition of March 24, 1975, testified that the persons participating in the alleged conspiracy were two supervisors in the department in which he worked.

■ It is well established that a corporation cannot conspire with its own employees insofar as they are acting for the corporation. In *Bellamy v. Mason's Stores, Inc.,* 508 F.2d 504 (4th Cir. 1974), an action brought under 42 U.S.C. § 1985, Judge Boreman, in his concurring opinion stated that "this complaint could have been dismissed for the reasons that the act of an agent is the act of the

corporation and it is necessary to have two persons or entities in order for there to be a conspiracy; a corporation cannot conspire with itself." *Dombrowski v. Dowling,* 459 F.2d 190, 196 (7th Cir. 1972); *Nelson Radio & Supply Co. v. Motorola, Inc.,* 200 F.2d 911, 914 (5th Cir. 1952); *Windsor Theatre Co. v. Walbrook Amusement Co.,* 94 F.Supp. 388, 396 (D.Md.1950), *aff'd,* 189 F.2d 797 (4th Cir. 1971).

The two supervisors are not named defendants, and, even if they were, it is not alleged that they as individuals committed any act of a personal nature except within the scope of their employment with the defendant. There is no allegation or charge that they acted other than in the normal course of their corporate duties, and there is nothing in the sworn deposition of the plaintiff that would suggest otherwise.

In his response to the defendant's motion for partial summary judgment, the plaintiff presents no arguments in support of his claim for relief under 42 U.S.C. § 1985.

Considering the cases cited above, the lack of response by the plaintiff, and the complete record of this case to date, the Court concludes that the defendant's motion for summary judgment against the 42 U.S.C. § 1985 claim of the plaintiff must be granted.

### ORDER

For the reasons set forth above, it is hereby ORDERED that defendant's motions for summary judgment as to the plaintiff's claims under 42 U.S.C. §§ 2000e, et seq. (Section 703 of Title VII of the Civil Rights Act of 1964, as amended) and under 42 U.S.C. § 1981 shall be and hereby are denied. It is further ORDERED that defendant's motion for summary judgment as to plaintiff's third claim for relief, to-wit a claim of conspiracy to discriminate, shall be and is hereby granted.