TROY'S STEREO CENTER, INC. v. CHARLES B. HODSON

No. 7814SC219

(Filed 6 February 1979)

1. **Limitation of Actions § 4.2— statute of limitations for legal malpractice—no extension under G.S. 1-15(b)**

G.S. 1-15(b) did not extend the statute of limitations for an action for legal malpractice where the action was already barred when that statute became effective.

2. **Limitation of Actions § 4.2; Attorneys at Law § 5.1— statute of limitations for legal malpractice**

The statute of limitations for an action for legal malpractice in failing to file a suit until after it was barred by the statute of limitations began on the last date on which defendant attorney could have successfully brought the prior suit for the plaintiff, not the date on which the statute of limitations was affirmatively pleaded in the prior action or the date on which such action was dismissed because of the statute of limitations.

3. **Estoppel § 4— equitable estoppel to assert statute of limitations**

The doctrine of equitable estoppel may, in a proper case, be invoked to prevent a defendant from relying on the statute of limitations.

4. **Estoppel § 4.2— equitable estoppel to assert statute of limitations—jury question**

In this action for legal malpractice in failing to file a suit on behalf of plaintiff against a gas company until after the suit was barred by the statute of limitations, there was a genuine issue of material fact for determination as to whether defendant attorney was barred from asserting a defense of the statute of limitations by the doctrine of equitable estoppel where plaintiff alleged that defendant had an affirmative duty to disclose to the plaintiff his own negligence in the handling of the case and that his failure to do so in the four and one half years subsequent to his negligent act barred him from asserting the statute of limitations, and defendant argued that plaintiff prevented him from filing a reply to the gas company's answer and motion for summary judgment and from appealing summary judgment entered for the gas company, that plaintiff was guilty of laches in failing to verify the complaint in the action against the gas company until after the statute of limitations had run, and that he made no inducements to the plaintiff and was never paid any fee for services rendered.

APPEAL by plaintiff from *Bailey, Judge.* Judgment entered 5 December 1977 in Superior Court, DURHAM County. Heard in the Court of Appeals 8 January 1979.

This is an action for legal malpractice, brought in the Superior Court of Durham County, in which the plaintiff alleged

negligence by the defendant, Charles B. Hodson, an attorney. Plaintiff is the successor in interest to a partnership formerly existing between John Richmond and John Troy and known as Troy's Hi Fi Stereo Center.

On 14 January 1964, the building in which Troy's Hi Fi Stereo Center was doing business burned down as the result of a fire allegedly caused by the negligence of the Public Service Company of North Carolina, Inc. Plaintiff has alleged that the fire caused total destruction of its stock and inventory and an interruption of its business and that it was damaged in the total amount of $26,865.27. The negligent activities on the part of Public Service Company of North Carolina, Inc., if any, were alleged to have occurred in November and December of 1963, with the last act or omission occurring on or about 9 December 1963.

Sometime in 1964, and subsequent to the fire, Troy's Hi Fi Stereo Center retained Charles B. Hodson as its attorney to pursue its claim against Public Service Company. The record discloses that unsuccessful negotiations took place thereafter and that on 11 January 1966 defendant made written demand on Public Service Company on behalf of plaintiff. On 18 May 1966 defendant, in a letter to the father of one of the partners, indicated his intention to file suit. Defendant, in his affidavit submitted in support of his motion for summary judgment, stated that he prepared a complaint on behalf of plaintiff's predecessors against the Public Service Company in the last few days of November, 1966. He further stated that numerous attempts by his office to contact Richmond and Troy to verify the complaint were unsuccessful and that he has at no time received remuneration for his services. Richmond and Troy did verify the complaint on 13 January 1967.

On 13 January 1967, Hodson filed the complaint in the lawsuit entitled "*John Troy and John Richmond v. Public Service Company of North Carolina, Inc.*" (Superior Court of Durham County, file No. 67-CVS-92) and caused summons to be issued that date against Public Service Company.

The record discloses no further activity until 12 March 1971, when James G. Billings, an attorney with the law firm of Powe, Porter & Alphin of Durham, filed an amended complaint on behalf

of the plaintiff. Subsequent correspondence took place between Billings and the defendant, and on 11 May 1971 defendant was allowed to withdraw as counsel for plaintiff. In a letter to Billings from defendant dated 8 April 1971, defendant stated, "In regard to my failure to diligently prosecute the case, as stated to you before, my failure came about as a result of your present clients promising to pay their attorney's fees, but never coming through with any cash."

Public Service Company filed its answer on 13 May 1971, after defendant had withdrawn as counsel for the plaintiff, and raised North Carolina Statute of Limitations, G.S. 1-52, as an affirmative defense. On 27 September 1971, Public Service Company filed a motion for summary judgment which was granted by Judge McKinnon on 8 November 1971, on the basis of the statute of limitations defense raised by Public Service Company.

The present action was instituted by plaintiff on 15 February 1972, alleging legal malpractice by defendant in allowing the statute of limitations to run against Public Service Company. On 27 April 1972, defendant filed an answer denying the allegations of the complaint and setting forth six defenses. On 7 November 1977, a motion was filed seeking leave to amend his answer by raising the statute of limitations, G.S. 1-52, as an affirmative defense. The motion was allowed by Judge Bailey on 8 November 1977, and plaintiff filed a reply to the amended answer on 5 December 1977.

Also, on 7 November 1977, defendant moved for summary judgment on the grounds that the three year statute of limitations barred the plaintiff's action.

On 5 December 1977 Judge Bailey allowed the motion for summary judgment concluding that:

There is no genuine issue as to any material and ultimate fact, and that it appears upon the face of the record that the cause of action complained of accrued more than three years prior to the institution of the action, and that as a matter of law this action is barred by the three-year Statute of Limitations, and that Plaintiff is not entitled to recover of the Defendant.

Judge Bailey's judgment dismissed the action against defendant with prejudice.

From the order granting defendant's motion for summary judgment and dismissing the action, the plaintiff appeals.

*Powe, Porter, Alphin & Whichard, by Charles R. Holton for plaintiff appellant.*

*Vann & Vann, by Arthur Vann and Whedbee and Riddick, by Rosbon D. B. Whedbee for defendant appellee.*

CARLTON, Judge.

The sole question presented by this appeal is whether the record discloses the plaintiff's claim is barred by the running of the statute of limitations. If so, defendant was entitled to judgment as a matter of law, and summary judgment under Rule 56, N.C. Rules of Civil Procedure was appropriate. We hold that the motion was improperly allowed and the trial court's judgment must be reversed.

In its brief, plaintiff appellant advances three arguments for our consideration. We reject the first two, but agree with the last.

[1] Plaintiff first argues that since this action was commenced on 15 February 1972, G.S. 1-15(b) should control instead of the three year statute of limitations relied on by the trial court, G.S. 1-52.

G.S. 1-15(b), enacted by the 1971 General Assembly, provided at that time as follows:

Except where otherwise provided by statute, a cause of action, other than one for wrongful death, having as an essential element bodily injury to the person or a defect in or damage to property which originated under circumstances making the injury, defect or damage not readily apparent to the claimant at the time of its origin, is deemed to have accrued at the time the injury *was discovered by the claimant, or ought reasonably to have been discovered by him,* whichever event first occurs; provided that in such cases the period shall not exceed ten years from the last act of the

defendant giving rise to the claim for relief. (Emphasis added.)

Plaintiff argues that this subsection was effective on 15 February 1972, the date this action was commenced. It further argues that the date on which it should have discovered the damage to its chose in action was the date on which Judge McKinnon dismissed the prior action, 8 November 1971. Alternatively, plaintiff argues that the date should be that when Public Service Company first affirmatively pleaded the statute of limitations defense, 13 May 1971. Using either of these dates, plaintiff's action would obviously have been filed well within the limitation of G.S. 1-15(b).

On oral argument, plaintiff conceded that G.S. 1-15(b) is not applicable to this action. We agree. While the General Assembly may extend at will the time within which a right may be asserted or a remedy invoked so long as it is not already barred by an existing statute, an action already barred by a statute of limitations may not be revived by an act of the legislature. *Waldrop v. Hodges*, 230 N.C. 370, 53 S.E. 2d 263 (1949). The statute of limitations tolled for plaintiff's predecessor on 9 December 1966, three years after the alleged first act or omission of Public Service Company. It is unimportant that the harmful consequences of the breach of duty or of contract were not discovered or discoverable at the time the cause of action accrued. That was the prevailing North Carolina law at the time plaintiff's present action was instituted. *Jewell v. Price*, 264 N.C. 459, 142 S.E. 2d 1 (1965).

[2] The plaintiff's second argument involves a strained interpretation of the decision of this Court in *Brantley v. Dunstan*, 10 N.C. App. 706, 179 S.E. 2d 878 (1971). Plaintiff's argument here essentially is that since the statute of limitations is a procedural defense which must be affirmatively pleaded, in contrast to defenses which render an action void *ab initio*, then the statute of limitations does not accrue until the defense has been affirmatively pleaded. In the instant case, Public Service Company pleaded the statute of limitations defense on 13 May 1971 and plaintiff argues that this is the date the cause of action against defendant accrued.

In *Brantley, supra,* plaintiff brought a malpractice action against his attorneys for alleged negligence in filing defective

summons on his behalf. The action was instituted more than four years after the defective summons was filed. Plaintiff argued that his claim against the attorneys did not accrue until the courts later determined that his original action was barred by virtue of the defective summons. This Court held that the action accrued at the time of the filing of the defective complaint, reiterating the rule that it is unimportant that the actual or substantial damage does not occur until later if the whole injury results from the original act. That case is clearly analogous to the case at bar in that the alleged original wrongful omission of the defendant Hodson would have been on 9 December 1966, the last date on which he could have successfully brought suit for plaintiff against Public Service Company.

Under the *Brantley* ruling alone, therefore, plaintiff's action would be barred in the present case in that it was instituted on 15 February 1972, some five years and two months after any cause of action accrued against the defendant for failure to file suit against Public Service Company before the statute of limitations barred that claim.

In this same connection, plaintiff also argues that the statute of limitations commences to run from the time on which the aggrieved party is entitled to recover "nominal damages"—here again, the date the statute of limitations was pleaded as a defense, 13 May 1971. It cites *Brantley, supra,* and *Jewell, supra* in support of that argument. We do not agree. While noting that nominal damages may be recovered in actions based on negligence, both of those cases clearly stand for the proposition that the statute of limitations immediately begins to run against the party aggrieved when there is either a breach of an agreement or a tortious invasion of a right for which the party aggrieved is entitled to recover.

[4] Plaintiff's third argument, however, is convincing. Rule 56 of the N.C. Rules of Civil Procedure provides that summary judgment shall be rendered only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to judgment as a matter of law. Plaintiff raised the issue of equitable estoppel in its reply to defendant's amended answer filed on 5 December 1977.

Hence, a genuine issue as to a material fact was raised and the matter was properly to be resolved by a jury.

[3] The majority rule is that the doctrine of equitable estoppel may, in a proper case, be invoked to prevent a defendant from relying on the statute of limitations. The rule has evolved from the general principle that, when a defendant electing to rely upon the statute of limitations has previously, by deception or any violation of duty toward plaintiff, caused him to subject his claim to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold. The rule has been extended to situations involving silence when under an affirmative duty to speak. 53 C.J.S., Limitations of Actions, § 25, p. 962.

North Carolina is in line with the majority. In *Nowell v. Great Atlantic and Pacific Tea Company*, 250 N.C. 575, 108 S.E. 2d 889 (1959), our Supreme Court stated:

> The lapse of time, when properly pleaded, is a technical legal defense. Nevertheless, equity will deny the right to assert that defense when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith. "The doctrine of equitable estoppel is based on an application of the golden rule to the everyday affairs of men. It requires that one should do unto others as, in equity and good conscience, he would have them do unto him, if their positions were reversed. . . . Its compulsion is one of fair play." 250 N.C. at 579, 108 S.E. 2d at 891. (Citations omitted.)

Moreover, our Supreme Court has held that the doctrine of equitable estoppel is applicable to a situation when a party, having a duty to speak, remains silent, with a resulting disadvantage to another party. *McNeely v. Walters*, 211 N.C. 112, 189 S.E. 114 (1937).

Of primary importance to our decision is the established rule of law that estoppel, or the existence thereof, is a question of fact for determination by the jury. 31 C.J.S., Estoppel, § 163, p. 784. That rule has been adopted by our Supreme Court. *Peek v. Wachovia Bank and Trust Company*, 242 N.C. 1, 86 S.E. 2d 745 (1955). In *Peek*, the Supreme Court stated: "It is only when a

single inference can reasonably be drawn from undisputed facts that the question of estoppel is one of law for the court to determine."

[4]   Plaintiff argues that defendant served in a fiduciary relationship with its predecessors in interest for approximately four and one half years from the date of his filing the complaint against Public Service Company, that defendant had an affirmative duty to disclose to the plaintiff his own negligence in the handling of the case and that his failure to do so during the four and one half years subsequent to his original negligent act should bar him from asserting a plea of the statute of limitations. Defendant counters and argues that he had withdrawn as counsel for plaintiff before Public Service Company filed its answer, before the motion for summary judgment by Public Service Company, and before the granting of summary judgment in favor of Public Service Company. Further, he argues that plaintiff's predecessors did not inform him of these events and therefore prevented him from arguing any reply to the answer or motion and prevented him from taking an appeal of the judgment entered on 8 November 1971. He further argues the doctrine of laches in answer to the claim of equitable estoppel, asserting that plaintiff's predecessors did not exercise due diligence in the prosecution of the claim against Public Service Company by failing to verify the complaint until after the statute of limitations had run. He further argues that, unlike the situation in *Nowell, supra,* he made no inducements to the plaintiff, was never paid any fee for services rendered, and that the "clean hands" doctrine precludes application of the doctrine of equitable estoppel. We would also note that defendant could have precluded the running of the statute of limitations by filing an unverified complaint or by the issuance of a summons pursuant to Rule 3, N.C. Rules of Civil Procedure. Numerous factual questions are obviously involved, and summary judgment by the trial court was, therefore, improper.

For the reasons stated, the judgment granting defendant's motion for summary judgment and dismissing plaintiff's claim is

Reversed.

Chief Judge MORRIS and Judge MARTIN (Harry C.) concur.