PEMBEE MFG. CORP. v. CAPE FEAR CONSTRUCTION CO., INC., T. R. DRISCOLL SHEET METAL WORKS, INC., AND KOONCE, NOBLE AND ASSOCIATES, INC.

No. 8316SC979

(Filed 3 July 1984)

1. Limitation of Actions § 17— statute of limitations—burden of proof

Once defendants properly pleaded the statute of limitations, the burden of showing that the action was instituted within the prescribed period was placed upon plaintiff, and it was incumbent upon plaintiff to come forward with a forecast of evidence tending to show that the action was started in apt time.

2. Limitation of Actions § 18.1— statute of limitations—summary judgment

Generally, whether a cause of action is barred by the statute of limitations is a mixed question of law and fact. When, however, the statute of limitations is properly pleaded, and the facts with reference to it are not in conflict, it becomes a matter of law and summary judgment is appropriate.

3. Limitation of Actions § 18.1— statute of limitations—discovery of damages— question of law

In proper instances, whether a plaintiff discovered or ought reasonably to have discovered damages is a question of law to be determined by the court.

4. Limitation of Actions § 4.3— defective roof—accrual of cause of action

Plaintiff's discovery of leaks in its roof in 1973, 1976 and 1977 put it on notice that the roof was entirely defective, and plaintiff's claim for the defective roof instituted in 1981 against two building contractors and a professional engineering firm was barred by the three-year statute of limitations although the extent of the defects may not have been discovered until 1980. G.S. 1-52(1), (5) and (16).

5. Limitation of Actions § 15— no estoppel to assert statute of limitations

Defendants were not equitably estopped from asserting the statute of limitations in an action to recover for a defective roof where plaintiff provided no explanation as to what acts, representations or conduct by two defendants induced plaintiff's delay in initiating the action, and where acts by the third

defendant suggested a denial of responsibility which should have served to hasten rather than delay the suit by a plaintiff.

Judge WELLS dissenting.

APPEAL by plaintiff from *Britt, Samuel E., Judge.* Judgment entered 22 June 1983 in Superior Court, ROBESON County. Heard in the Court of Appeals 6 June 1984.

Plaintiff appeals from two trial court orders: the first, granting summary judgment in favor of defendant Cape Fear Construction Co., Inc. (Cape Fear), and the second granting summary judgment in favor of defendants T. R. Driscoll Sheet Metal Works (Driscoll) and Koonce, Noble and Associates, Inc. (Koonce).

The undisputed facts are as follows:

In July 1972, plaintiff entered into a contract with Cape Fear and Driscoll under which Cape Fear and Driscoll were to construct a 30,000 square foot manufacturing plant in Lumberton, North Carolina. In August 1972, plaintiff entered into a contract with Koonce, a professional engineering firm, under which Koonce was to inspect the construction of the plant. The plant was substantially completed during January 1973, and plaintiff took occupancy of the building at that time.

In February or March 1973, Davis B. Pillet, president of plaintiff corporation, discussed with either T. R. or Stuart Driscoll, problems the plaintiff was having with roof leaks at the plant. In December 1976, as well as in January, February, March, and April 1977, Mr. Pillet had further discussions with Driscoll concerning roof leaks in many spots at the plant. During at least one of these conversations Driscoll blamed Cape Fear for faulty construction. In April 1977, Driscoll made some repairs to the plant's roof for which it charged plaintiff $69.15 for materials and labor.

In April 1980, plaintiff retained Norman S. Pliner, a registered professional engineer, to inspect the plant's roof. In April, Mr. Pliner, and in May, Mr. Pliner and Richard T. Baxter, a roofing specialist, examined the roof of the plant. Their inspection revealed evidence of blistering throughout the entire roof which resulted from the entrapment of moisture in the several layers of roofing material.

Plaintiff filed a complaint against defendants on 2 November 1981, claiming breach of contract, negligence and unjust enrichment. Defendants, in both their Answers to the Complaint and in their Motions for Summary Judgment, asserted that plaintiff's cause of action was barred by the applicable statute of limitations.

On 11 December 1981, Driscoll and Koonce filed a Motion for Change of Venue, and on 6 January 1982, Cape Fear joined in that Motion. On 24 May 1982, the Superior Court of Wake County granted the Motion, transferring this action to the Superior Court of Robeson County.

*Hollowell and Silverstein, P.A., by Thaddeus B. Hodgdon; Everett E. Dodd; and Ward, Strickland and Kinlaw, by Earl H. Strickland; for plaintiff-appellant.*

*McLean, Stacy, Henry and McLean, by Dickson McLean, Jr., for defendant-appellee Cape Fear Construction Co., Inc.*

*Lee and Lee, by David F. Branch, Jr., for defendant-appellees T. R. Driscoll Sheet Metal Works, Inc., and Koonce, Noble and Associates, Inc.*

VAUGHN, Chief Judge.

Two questions are presented on this appeal: (1) Was the cause of action alleged by defendants barred by the three-year statute of limitations? and (2) Does the doctrine of equitable estoppel apply to prevent defendants from asserting the bar of the statute of limitations?

Plaintiff's first contention is that the record is too bare to permit summary judgment.

[1] In reviewing a motion for summary judgment we must look at the record in the light most favorable to the party opposing the motion. *Peterson v. Winn-Dixie,* 14 N.C. App. 29, 31, 187 S.E. 2d 487, 488 (1972). We must also regard the papers of the party opposing the motion indulgently. *Page v. Sloan,* 281 N.C. 697, 704, 190 S.E. 2d 189, 193 (1972). In so doing, however, we must not forget that once defendants properly pleaded the statute of limitations, the burden of showing that the action was instituted within the prescribed period was placed upon plaintiff. *Little v.*

*Rose,* 285 N.C. 724, 727, 208 S.E. 2d 666, 668 (1974). It was, therefore, incumbent upon plaintiff to come forward with a forecast of evidence tending to show the action was started in apt time.

Plaintiff next asserts that whether it knew or reasonably could have known of the damage until after the Pliner inspection in 1980 is a question of fact. We disagree.

[2, 3] Generally, whether a cause of action is barred by the statute of limitations is a mixed question of law and fact. *Ports Authority v. Roofing Co.,* 294 N.C. 73, 240 S.E. 2d 345 (1978). When, however, the statute of limitations is properly pleaded, and the facts with reference to it are not in conflict, it becomes a matter of law, *Little, supra,* and summary judgment is appropriate. *Brantley v. Dunstan,* 10 N.C. App. 706, 179 S.E. 2d 878 (1971). Further, in proper instances, whether a plaintiff "discovered or ought reasonably to have discovered" damages is a question of law to be determined by the Court. *See Blue Cross and Blue Shield v. Odell Associates, Inc.,* 61 N.C. App. 350, 301 S.E. 2d 459, *disc. rev. denied,* 309 N.C. 319, 306 S.E. 2d 791 (1983).

[4] Plaintiff admits that leaks were discovered "over the power pipes" in 1973, and "in many other spots" in 1976 and 1977, but contends that these leaks "were not of the same character or extent" as those on which the complaint is based. This reasoning leads plaintiff to the conclusion that the discovery of the leaks in 1973, 1976 and 1977 did not put it on notice that the roof was entirely defective. We disagree.

Plaintiff's cause of action is founded on the contention that the roof was defective. Plaintiff knew as early as 1973 that the roof had bad leaks. Starting in December, 1976, plaintiff's president had at least one conversation a month for five consecutive months with Driscoll concerning the "leaks over the power pipes and in many other spots." Since a sound roof does not leak, by April 1977 it ought reasonably to have become apparent to plaintiff that the roof had some defect.

Plaintiff argues that the leaks in 1973, 1976 and 1977 were not of the same extent as those discovered in 1980. This is irrelevant. Under G.S. 1-52(16) a cause of action "shall not accrue until bodily harm to claimant or physical damage to his property

becomes apparent or ought reasonably to have become apparent to the claimant. . . ." This statute serves to delay the accrual of a cause of action in the case of latent damages until the plaintiff is aware he has suffered damage, not until he is aware of the full extent of the damages suffered.

The common law rule has long been that "[w]hen the right of the party is once violated, even in ever so small a degree, the injury, in the technical acception of that term, at once springs into existence and the cause of action is complete." *Mast v. Sapp,* 140 N.C. 533, 540, 53 S.E. 350, 352 (1906). *See Pearce v. Highway Patrol Vol. Pledge Committee,* 310 N.C. 445, 449, 312 S.E. 2d 421, 424 (1984). G.S. 1-52(16) modifies this rule in the case of latent damage only to the extent that it requires discovery of physical damage before a cause of action can accrue. It does not change the fact that once some physical damage has been discovered the injury springs into existence and completes the cause of action.

Plaintiff further contends that the leaks in 1973, 1976 and 1977 were not of the same character as those discovered in 1980. Even if we were to accept this as true it would not strengthen plaintiff's argument. Plaintiff's cause of action was founded on the assertion that the roof was defective. As stated above, the 1973, 1976 and 1977 leaks should have made it apparent to plaintiffs that the roof was defective. Thus, by 1976, plaintiff's cause of action for a defective roof had accrued. That further evidence of the defective nature of the roof was discovered in 1980 does not permit plaintiff to circumvent the bar of the statute of limitations.

[5] Plaintiff asserts that defendants should be equitably estopped from raising the bar of the statute of limitations. Plaintiff is correct in its assertion that, in a proper case, the doctrine of equitable estoppel may be invoked to prevent a defendant from relying on the tolling of the statute of limitations, *see Stereo Center v. Hodson,* 39 N.C. App. 591, 251 S.E. 2d 673 (1979); however, this is not that proper case.

Equitable estoppel is appropriate when the delay in initiating an action has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith. *Nowell v. Great Atlantic and Pacific Tea Company,* 250 N.C. 575, 579, 108 S.E. 2d 889, 891 (1959). Plaintiff provides no explanation as to what acts, representations or conduct by defendants Koonce

and Cape Fear induced the delay in initiating this action. In fact, there is no evidence in the record that subsequent to plaintiff assuming occupancy of the plant defendants Koonce and Cape Fear had any further contact with plaintiff.

The record indicates that two acts or representations were made by defendant Driscoll: billing plaintiff $69.15 for repairs made to the plant's roof and, in one or more conversations with plaintiff's president, blaming Cape Fear for faulty construction. Both of these acts suggest a denial of responsibility which, if anything, should serve to hasten rather than delay the bringing of suit by plaintiff.

As we hold that this action is barred by G.S. 1-52(1) and (5), and that summary judgment was properly granted, we deem it unnecessary to address plaintiff's assertion that G.S. 1-50(5), as amended in 1981, is inapplicable in this action.

Affirmed.

Judge HEDRICK concurs.

Judge WELLS dissents.

Judge WELLS dissenting.

Defects in a very large roof may be very difficult to correctly perceive and diagnose. The result of the majority opinion not only requires plaintiff's judgment of the defects ultimately diagnosed to rise to the level of prevision, but it also will have the effect to pushing others similarly situated into early litigation. In cases such as this, plaintiff's efforts to get his few early leaks fixed without going to court should not cost plaintiff its cause of action. In my opinion, plaintiff was not reasonably aware of the damage to its roof until its expert correctly diagnosed such damage.