## ONE NORTH McDOWELL ASSN. v. McDOWELL DEVELOPMENT CO.

[98 N.C. App. 125 (1990)]

ONE NORTH McDOWELL ASSOCIATION OF UNIT OWNERS, INC.; PEAZEL TREE ASSOCIATES, A North Carolina General Partnership; A. RAY MATHIS, SAMUEL M. MILLETTE AND ROBERT G. SANDERS, Partners; RODNEY S. TOTH; ARTHUR S. LONG, III, AND WIFE, CYNTHIA S. LONG; RONALD C. WILLIAMS; GEORGE L. FITZGERALD; W. THOMAS RAY, AND WIFE, MARGARET W. RAY; GEORGE DALY, AND WIFE, MARY H. DALY; PARKER WHEDON; AND BART WILLIAM SHUSTER, Plaintiffs v. McDOWELL DEVELOPMENT COMPANY, A North Carolina General Partnership; B. D. RODGERS, EDWIN E. HARRIS, HUGH G. CASEY, JR., AND HAL H. TRIBBLE; RODGERS BUILDERS, INC.; P. C. GODFREY, INC.; AND HAL H. TRIBBLE, Architect, Defendants

No. 8926SC893

(Filed 3 April 1990)

Estoppel § 4.1 (NCI3d)— representations made by defendant— reliance by plaintiff—benefits reaped by defendant from representations—defendant estopped to deny representations

In an action for breach of warranty and negligence arising from a defective air conditioning system in an office condominium project where defendants claimed that the action was barred by the six-year statute of repose in N.C.G.S. § 1-50(5), but plaintiffs claimed that defendants expressly waived the right to assert any defense based upon a time bar by virtue of extension agreements entered into by the parties, defendants were estopped from raising N.C.G.S. § 1-50(5) in bar of plaintiffs' action on two grounds: (1) having made representations upon which plaintiffs relied, defendants could not in good faith repudiate such representations to plaintiffs' detriment, and (2) having reaped the benefits from the extension agreements, defendants could not later challenge the terms thereof.

**Am Jur 2d, Limitation of Actions §§ 426, 427, 431, 434, 435.**

APPEAL by plaintiffs from judgment entered 15 June 1989 and order entered 2 August 1989 in MECKLENBURG County Superior Court by *Frank W. Snepp, Judge.* Heard in the Court of Appeals 6 March 1990.

The undisputed material facts are as follows. Plaintiffs purchased office condominium units in a development project known as One North McDowell, located in Charlotte, which project was developed and constructed by defendants. Immediately upon assum-

ONE NORTH McDOWELL ASSN. v. McDOWELL DEVELOPMENT CO.

[98 N.C. App. 125 (1990)]

ing occupancy in September 1982, plaintiffs experienced problems with the air conditioning system. Plaintiffs notified defendants and requested repairs be made. Although repairs were attempted, the problems persisted throughout the summers of 1983-85. Defendants continued to assure plaintiffs that further corrective measures would be taken and, in the summer of 1985, requested more time to repair the system. Concerned that the lapse of additional time would cause their claims regarding the defective air conditioning system to be time-barred, plaintiffs entered into an extension agreement with defendants in which defendants agreed not to raise a defense based on any statute of limitations to a claim filed by any unit owner prior to 1 September 1987. Repairs over the course of the next two years continued to be ineffective, but based on further assurances by defendants that additional corrective measures would be taken, a second extension agreement was executed on 11 August 1987, continuing defendants' agreement not to assert defenses based on any statute of limitations to claims filed by a unit owner prior to 1 November 1988.

After subsequent attempts to repair the air conditioning system failed, plaintiffs brought this action on 28 October 1988, asserting claims for breach of express warranty, breach of implied warranty, and negligence. Defendants McDowell Development Company (developer), Edwin E. Harris, Hugh G. Casey, Jr., and Hal H. Tribble (its general partners), P. C. Godfrey, Inc. (air conditioning subcontractor), and Hal H. Tribble (as architect) interposed a motion to dismiss on the grounds that plaintiffs were barred by the six-year "statute of repose" in G.S. § 1-50(5). By their verified response to this motion, plaintiffs asserted that these defendants expressly waived the right to assert any defense based upon a time bar and were thus estopped from raising such a defense by virtue of the extension agreements. The trial court, treating the motion to dismiss as one for summary judgment, allowed the motion and entered judgment for these defendants on 15 June 1989.

The remaining defendants, Rodgers Builders, Inc. (general contractor) and B. D. Rodgers (general partner in McDowell Development Company) were granted leave to amend their answer to include a defense based on G.S. § 1-50(5). These defendants then moved for summary judgment which the court allowed by its order of 2 August 1989.

Plaintiffs appeal.

ONE NORTH McDOWELL ASSN. v. McDOWELL DEVELOPMENT CO.

[98 N.C. App. 125 (1990)]

*Perry, Patrick, Farmer & Michaux, P.A., by Roy H. Michaux, Jr., for plaintiff-appellants.*

*Weinstein & Sturgis, P. A., by James P. Crews and Michael C. Daisley, for defendant-appellee P. C. Godfrey, Inc.*

*Smith, Helms, Mullis & Moore, by W. Donald Carroll, Jr., and William R. Purcell II, for defendant-appellees McDowell Development Company and Harris, Casey, and Tribble.*

*Jones, Hewson & Woolard, by H. C. Hewson, for defendant-appellees Rodgers Builders, Inc., and B. D. Rodgers.*

WELLS, Judge.

The pertinent language of the extension agreements provides that defendants will not "assert any defense . . . based upon the expiration of any statute of limitations[.]" Defendants contend that this language does not preclude them from raising a defense based on G.S. § 1-50(5)[1] because this statute has been construed by our courts to be a "statute of repose," whereas the language of the agreements merely waives defenses based on "statutes of limitation." Plaintiffs argue that the language of the agreements embraces all statutes of limitation, including the "statute of repose" set forth in G.S. § 1-50(5). Alternatively, plaintiffs contend that G.S. § 1-50(5) is inapplicable because the time limit provided for in that statute had not expired at the time this action was filed. It is unnecessary for us to address these contentions, for we conclude that defendants are estopped as a matter of law from challenging the terms of the extension agreements.

It is well established that the doctrine of equitable estoppel will deny the right to assert a defense based on lapse of time "when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith." *Duke University v. Stainback*, 320 N.C. 337, 357 S.E.2d 690 (1987) (and cases cited therein); *see also Stereo Center v. Hodson*, 39 N.C. App. 591, 251 S.E.2d 673 (1979). It is equally well established

---

1. N.C. Gen. Stat. § 1-50(5) (1983) provides in pertinent part: "a. No action to recover damages based upon or arising out of the defective or unsafe condition of an improvement to real property shall be brought more than six years from the later of the specific last act or omission of the defendant giving rise to the cause of action or substantial completion of the improvement."

ONE NORTH McDOWELL ASSN. v. McDOWELL DEVELOPMENT CO.

[98 N.C. App. 125 (1990)]

that a party who accepts the benefits of a transaction may not thereafter attack the validity of such transaction. *Thompson v. Soles*, 299 N.C. 484, 263 S.E.2d 599 (1980) (and cases cited therein). Although the question of estoppel is ordinarily one of fact for the jury, it becomes a question of law for the court to determine when a single inference can reasonably be drawn from the undisputed facts. *Stereo Center v. Hodson, supra (citing Peek v. Wachovia Bank and Trust Company*, 242 N.C. 1, 86 S.E.2d 745 (1955) ).

It is undisputed that the initial extension agreements, effective until 1 September 1987, were entered into by the parties (1) in response to defendants' request, made during the summer of 1985, for an additional opportunity to correct the air conditioning system and (2) out of plaintiffs' concern that further delay could result in the loss of their claims. It is likewise undisputed that the subsequent extension agreements, effective until 1 November 1988, were entered into pursuant to defendants' additional assurances that further corrective measures would be attempted. Thus, the purpose of the agreements is plain: to preserve the rights and remedies of plaintiffs while affording defendants the additional time they requested in order to attempt corrections of the alleged defects. Public policy favors such agreements as a means of fostering flexibility in the pretrial negotiation process and encouraging alternative resolutions to disputes.

Any delay in bringing the present action was clearly occasioned by plaintiffs' reliance on defendants' representations. Moreover, it is undeniable that defendants fully received the benefit of their bargain. By virtue of the multiple extensions of time afforded by the agreements — encompassing well over three additional years — defendants gained the requested time to make corrections to the system. Defendants also gained the concomitant benefit of the financial flexibility to either avoid the expense of litigation upon the successful completion of the corrections, or shift the burden of incurring the costs of litigation to a significantly later date should corrective measures prove unsuccessful.

Defendants are therefore estopped from raising G.S. § 1-50(5) in bar of plaintiffs' action on two grounds: (1) having made representations upon which plaintiffs relied, defendants may not in good faith repudiate such representations to plaintiffs' detriment, and (2) having reaped the benefits from the extension agreements, defendants may not now challenge the terms thereof.

Summary judgment is appropriate only where there exists no genuine issue as to the material facts and the movant is entitled to judgment as a matter of law. N.C. R. Civ. P., Rule 56. Because defendants are not entitled to summary judgment as a matter of law, the judgment and order entered below must be and are

Reversed.

Judges COZORT and LEWIS concur.