Civil action to recover for materials furnished by plaintiff and used by the contractor in the installation of plumbing and heating systems in two public school buildings. *Page 74 
The record shows:
1. That on 24 April, 1928, the Salisbury Plumbing and Heating Company, contractor, entered into a contract with the city of Lexington, through its school commissioners, to install heating systems in two public schools, stipulating "to furnish all labor and materials and do all work" necessary, etc., and on 26 April, 1928, for a valuable consideration, the school commissioners of Lexington took from the contractor, as principal, and the National Surety Company, as surety, a bond in the sum of $4,475 for the faithful performance of said contract; and further: "This bond is subject to the provisions of C. S., 2445 and amendments thereto. Provided, however, that no suit, action or proceeding by reason of any default whatever shall be brought on this bond after twelve months from the date on which the final payment under the contract falls due."
2. That final payment under the contract fell due on 16 November, 1928.
3. That summons was issued in this action 3 July, 1930.
Demurrer interposed on the ground that the complaint does not state facts sufficient to constitute a cause of action, in that, it appears on the face of the complaint that suit was not instituted on said bond until after twelve months from the date on which the final payment under the contract fell due.
From a judgment overruling the demurrer on the ground "that since C. S., 2445 provides that every bond given thereunder `shall be conclusively presumed to have been given in accordance therewith, whether such bond be so drawn as to conform to the statutes or not, and this statute shall be conclusively presumed to have been written into every bond so given,' and since the statute does not authorize any contractual limitation in such bond, and particularly since the plaintiff was not a party to the said bond and did not agree to the limitation of one year therein contained, the provision in the bond undertaking to limit the time for the institution of suits thereon to one year is contrary to the said statute and void," the defendant appeals, assigning error.
The provisions of C. S., 2445 are presumed to have been written into the bond in suit, and any stipulation incorporated therein at variance with the terms of the statute would be void. Ingold v. Hickory, 178 N.C. 614,101 S.E. 525. But there is nothing in the statute which prohibits the parties from agreeing upon a reasonable *Page 75 
time for the bringing of suits, and barring any thereafter instituted.Brick Co. v. Gentry, 191 N.C. 636, 132 S.E. 800.
The fact that the plaintiff is not a party to the bond places it in no superior position, for with respect to the valid provisions of the bond, including its statutory enlargement, if any, the beneficiaries thereunder take it as they find it. The demurrer should have been sustained.
Reversed.