GURNEY P. HOOD, COMMISSIONER, EX REL. FIRST BANK AND TRUST COMPANY, v. J. MACK RHODES AND THE FIDELITY AND CASUALTY COMPANY OF NEW YORK.

(Filed 8 February, 1933.)

**Principal and Surety B d—Contractual limitation on time for bringing action on bond of bank official is unaffected by C. S., 441.**

Where the bond covering defalcation of a bank official provides that no action thereon should be maintained after six months from the termination of the bond, the contractual limitation is valid and bars an action on the bond after the expiration of the prescribed period although the defalcation was not sooner discovered because of the concealment of the official, nor is this result affected by the provisions of C. S., 441 that action against the official is not deemed to have accrued until the discovery of the facts constituting the fraud.

APPEAL by plaintiff from *Schenck, J.,* at May Term, 1932, of HENDERSON.

Civil action to recover for alleged faithlessness of bank official and to hold surety for his derelictions, heard upon demurrer.

The complaint alleges:

1. That J. Mack Rhodes, officer of the First Bank and Trust Company of Hendersonville, misappropriated not less than $5,000 annually from 1 June, 1926, to 1 June, 1929.

2. That on 1 June, 1926, a $5,000 fidelity bond was executed by the Fidelity and Casualty Company of New York, indemnifying the First Bank and Trust Company against loss through fraud, dishonesty, forgery, theft, embezzlement, or wrongful abstraction by any of its officers or employees. This bond was renewed each year for three years and expired by mutual consent 1 June, 1929. It contains the following clause:

"In the event of the cancellation or termination of this bond as to any employee, whether by notice or otherwise, the right to make a claim hereunder as to such employee shall cease at the end of six months after such termination."

3. The First Bank and Trust Company closed its doors 19 November, 1930. Soon thereafter, defalcations of at least $5,000 annually while said bond was in force, was discovered and immediately reported to the defendant, Casualty Company.

4. That demand for payment of $15,000 has been made upon the defendants, and refused.

Demurrer interposed by the Fidelity and Casualty Company of New York on the ground that the complaint fails to state facts sufficient to constitute a cause of action against said defendant. Demurrer sustained. Plaintiff appeals.

*Redden & Redden for plaintiff.*
*Johnson, Smathers & Rollins for defendant, Casualty Company.*

STACY, C. J. By the terms of the bond in suit, the right to make claim thereunder expired at the end of six months after its termination. It terminated by mutual consent 1 June, 1929. Claim was not made until more than seventeen months thereafter. The demurrer was properly. sustained. Annotations, 43 A. L. R., 977, and 62 A. L. R., 411; *Chicora Bank v. U. S. F. & G. Co.,* 159 S. E. (S. C.), 454; *Ballard Co. v. U. S. F. & G. Co.,* 150 Ky., 236, 150 S. W., 1, Ann. Cas., 1914C, 1208; *Baird v. Northwestern Trust Co.,* 56 N. D., 398, 217 N. W., 538, 56 A. L. R., 1257.

The decisions are to the effect, that where the liability of the insurer is expressly limited in an indemnity or fidelity bond to losses occasioned and discovered during a specified time, there is no liability unless the loss not only occurs but is also discovered within the prescribed period, and the mere fact that the discovery is prevented by the concealment of the defaulter will not extend the period of indemnity. 14 R. C. L., 1268.

Nor is the case altered by the fact that under C. S., 441, cause of action for fraud as against the defaulting officer, is not deemed to have accrued "until the discovery by the aggrieved party of the facts constituting the fraud." This is a statute of limitations and can have no effect upon the valid contractual relations existing between the indemnitor and indemnitee. *Williams v. U. S. Cas. Co.,* 150 N. C., 597, 64 S. E., 510.

Affirmed.