TOWN OF PINEVILLE, A MUNICIPAL CORPORATION v. ATKINSON/DYER/ WATSON ARCHITECTS, P.A., AND FIDELITY AND DEPOSIT COMPANY OF MARYLAND

No. 9226SC1249

(Filed 19 April 1994)

1. **Principal and Surety § 48 (NCI4th)— public performance bond—statute of limitations**

Since the public bond statute does not specify a limitations period for performance bonds, parties entering into a public performance bond could thus contract for any reasonable limitations period, and the two-year period provided in a performance bond for construction of a town community center was valid. N.C.G.S. § 44A-33(a).

Am Jur 2d, Limitations of Actions § 425.

Validity of contractual time period, shorter than statute of limitations, for bringing action. 6 ALR3d 1197.

**2. Limitations, Repose, and Laches § 9 (NCI4th)— public performance bond—equitable tolling of limitations inapplicable**

The two-year limitations period provided in a public performance bond for construction of a community center was not equitably tolled because the contractor made cosmetic repairs which concealed structural defects where there was no evidence that the surety ever made any misrepresentations to plaintiff town.

**Am Jur 2d, Limitations of Actions §§ 422 et seq.**

**Effect of fraud to toll the period for bringing action prescribed in statute creating the right of action. 15 ALR2d 500.**

Appeal by plaintiff from judgment on the pleadings entered 17 September 1992 by Judge Marvin K. Gray in Mecklenburg County Superior Court. Heard in the Court of Appeals 9 December 1993.

*Horack, Talley, Pharr & Lowndes, P.A., by Neil C. Williams and David A. Lloyd, for plaintiff-appellant.*

*Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, by Robin K. Vinson, for defendant-appellee.*

WYNN, Judge.

On 19 August 1987 the plaintiff Town of Pineville, North Carolina, a municipal corporation, entered into a construction contract with the Fox Firm, Inc. (hereinafter "Fox") as general contractor to build the town's Belle Johnston Community Center. The contract required Fox to provide a performance bond. On 6 October 1987, defendant Fidelity and Deposit Company of Maryland (hereinafter "F & D") issued a performance bond to Fox, under which it agreed to act as surety securing Fox's performance as a general contractor. The bond stated that any action pursuant to it must be instituted within two years from the date upon which the final payment falls due. The building was substantially completed in December 1988 and plaintiff issued final payment under the contract on 22 December 1988. On 25 August 1989, plaintiff notified Fox of several items of corrective work to be performed. Sometime thereafter, Fox performed cosmetic repairs which merely concealed serious structural defects in the building. Plaintiff admits that it did not realize the problems had not been adequately remedied until late 1991. On 17 December 1991, almost three years after

the date upon which final payment was made, plaintiff filed the present action against F & D to recover damages under the bond. On 18 August 1992 F & D moved for judgment on the pleadings on the ground that the period of limitations for the action had already run. The motion was granted on 17 September 1992.

---

This case centers on the enforceability of the two-year limitations provision set forth in F & D's public performance bond. The bond provided that if Fox defaulted under its contract with Pineville, F & D would either complete the contract or obtain a bidder to complete the contract. The bond specified, "Any suit under this bond must be instituted before the expiration of two (2) years from the date on which final payment under the contract falls due."

Plaintiff did not sue F & D until after the two-year contractual period had expired. However, plaintiff argues, alternatively, that the parties' relationship should be governed by the three-year statutory limitations period or that the two-year contractual period should be equitably tolled because the existing cause of action was concealed. We reject both of these theories and affirm the trial court's dismissal for failure to state a claim.

[1]  Initially, we note the distinction between the statutory limitations period for bringing a cause of action and a limitations period set forth in a public performance bond. The statute of limitations for civil actions specifies the outer time limit in which a suit can be initiated. In contrast, a public performance bond is a contract, governed by the law of contracts. Parties entering into public performance bonds are free to contract for any terms they so desire, and are presumed competent to do so. Here, F & D contracted to limit its liability to two years. Plaintiff, in turn, accepted this bond as fulfillment of Fox's duty to provide a bond.

A time limit in a bond will be held void if it conflicts with any express limitations period in the public bond statute. *Horne-Wilson, Inc. v. National Surety Co.*, 202 N.C. 73, 161 S.E. 726 (1932). In *Pyco Supply Co. v. American Centennial Ins. Co.*, 85 N.C. App. 114, 354 S.E.2d 360 (1987), *rev'd on other grounds*, 321 N.C. 435, 364 S.E.2d 380 (1988), we held that parties could not contract to shorten the one-year limitations period for payment bonds required by the public bond statute. N.C. Gen. Stat. § 44A-28(b) (1989). However, in contrast to the provisions governing payment bonds, our public bond statute does not specify a limitations period

for performance bonds. *See* N.C. Gen. Stat. § 44A-33(a) (1989). Therefore, parties entering into a public performance bond are free to contract for any reasonable limitations period they choose.

Performance bond limitations periods shorter than the three-year statute of limitations have been upheld in North Carolina. In *Horne-Wilson, Inc. v. National Surety Co.*, 202 N.C. 73, 161 S.E. 726 (1932), our Supreme Court upheld a twelve-month contractual limitations period in a public performance and payment bond. *See also Hood ex rel. First Bank and Trust Co. v. Rhodes*, 204 N.C. 158, 167 S.E. 558 (1933).

[2] Alternatively, plaintiff argues that, even if we uphold the two-year limitations period, it should be equitably tolled because Fox concealed the building's defects. Under the doctrine of equitable tolling, equity will deny a party's right to assert a technical defense, such as lapse of time, "when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith." *Nowell v. Great Atlantic & Pacific Tea Co.*, 250 N.C. 575, 579, 108 S.E.2d 889, 891 (1959). However, a plaintiff who seeks to obtain equitable tolling of a limitations period must show that the misrepresentations he reasonably relied upon were made by the party raising the defense, here, defendant F & D. *Charlotte Telecasters, Inc. v. Jefferson-Pilot Corp.*, 546 F.2d 570 (4th Cir. 1976); *Duke University v. Stainback*, 320 N.C. 337, 357 S.E.2d 690 (1987). In this case, there is no evidence that F&D ever made any representations to plaintiff. Therefore, as a matter of law, the equitable tolling doctrine does not apply to the limitations period in this bond.

Judgment is affirmed.

Judges COZORT and GREENE concur.