**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1613**

COUNTY OF BRUNSWICK,

              Plaintiff – Appellee,

       v.

LEXON INSURANCE COMPANY,

              Defendant – Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  Terrence W. Boyle, District Judge.  (7:09-cv-00060-BO)

Argued:  March 22, 2011              Decided:  April 21, 2011

Before SHEDD and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Matthew Elliott Cox, SMITH, CURRIE & HANCOCK, LLP, Charlotte, North Carolina, for Appellant.  Matthew Hilton Mall, Charles Carpenter Meeker, PARKER, POE, ADAMS & BERNSTEIN, LLP, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Lexon Insurance Company ("Lexon") appeals the district court's order granting summary judgment in favor of the County of Brunswick ("the County"). For the reasons set forth below, we affirm.

I.

We view the evidence in the light most favorable to Lexon, the non-moving party. Laber v. Harvey, 438 F.3d 404, 415 (4th Cir. 2006) (en banc). On May 10, 2006, the County gave Town & Country Developers ("TCD") approval to develop the Avalon of the Carolinas subdivision ("Avalon"). As a condition of that approval, TCD executed an Improvement Guarantee Agreement with the County requiring completion of certain infrastructure improvements by April 1, 2009. Additionally, TCD acquired two performance bonds ("the Bonds") from Lexon that provided an initial financial guarantee of $5,658,743.44. After completion of a certain portion of the improvements, the Bonds provided a guarantee of $3,584,875.44.

On June 17, 2008, the County sent a letter to TCD and Lexon stating that progress was not being made on Avalon's infrastructure improvements and that if work did not resume by the end of the month, the County would declare TCD in default. On October 7, 2008, creditors foreclosed on Avalon. Subsequently, the County sent a formal notice of default to TCD

2

on October 22, 2008.  On April 1, 2009, when performance of the infrastructure improvements were due to be completed, the County passed a resolution calling upon Lexon to either complete the infrastructure improvements or make a payment to the County as called for in the Bonds.

When Lexon refused to make such a payment, the County brought this action to recover the amount due under the Bonds. The district court granted the County's motion for summary judgment because the performance secured by the Bonds had not been completed, and Lexon asserted that it could not complete performance.  Therefore, the court entered judgment in favor of the County in the amount due under the Bonds, $3,584,875.44, plus interest.

## II.

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case," the moving party is entitled to summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  We review the district court's order granting summary

judgment de novo. Jennings v. Univ. of N.C., 482 F.3d 686, 694 (4th Cir. 2007) (en banc).

## A.

First, Lexon argues that the district court erred in granting summary judgment in favor of the County because Lexon is excused from liability on the Bonds. Lexon asserts that the County had a duty to declare TCD in default, and the County's failure to make that declaration prior to Avalon's foreclosure materially altered Lexon's bonded risk, thus excusing it from liability. We find that Lexon's argument fails on both prongs of its analysis.

First, the County did not have an obligation to declare TCD in default. Under North Carolina law, which the parties agree controls, "a public performance bond is a contract, governed by the law of contracts. Parties entering into public performance bond are free to contract for any terms they so desire." Town of Pineville v. Atkinson/Dyer/Watson, Architects P.A., 442 S.E.2d 73, 74 (N.C. App. 1994). Therefore, the contractual terms of the Bonds are controlling, and the Bonds do not require the County to make a declaration of default. See J.A. 12, 19.

Second, the County's decision to declare TCD in default only after Avalon's foreclosure did not prevent Lexon from completing TCD's performance obligations. As the district court noted, TCD's conduct, not the County's conduct, deprived Lexon

4

of the option to complete performance, because TCD allowed Avalon to fall into foreclosure. See, Hunt Constr. Group, Inc. v. Nat'l Wrecking Corp., 542 F. Supp. 2d 87 (D.D.C. 2008) (relieving a surety of liability where the obligee's unreasonable conduct deprived surety of its contractual option to complete performance). Furthermore, Avalon's foreclosure did not materially alter Lexon's contractual risk. Foreclosure is a risk that Lexon freely could contract and exact premiums for in bonding TCD's performance. See Interstate Equip. Co. v. Smith, 234 S.E.2d 599, 601 (N.C. 1977) ("[I]n entering into the contract the surety is chargeable with notice . . . [of all] factors to be considered in determining the risk, and upon which the surety fixes the premiums exacted for executing the bond.") (internal citations omitted).

## B.

Lexon also argues that this action should be stayed pursuant to North Carolina's Permit Extension Act of 2009. However, the Permit Extension Act specifically does not apply to bond obligations. See 2010 N.C. Sess. Laws 177 Section 5(8) ("This act shall not be construed or implemented to . . . [m]odify any person's obligations or impair the rights of any party under contract, including bond or other similar undertaking."). Therefore, Lexon's argument that its

5

obligations under the Bonds should be extended fails because the Permit Extension Act, on its face, is inapplicable to the Bonds.

C.

In its final argument, Lexon maintains that the district court erred in awarding prejudgment interest to the County. Lexon did not raise this issue before the district court. "[I]ssues raised for the first time on appeal generally will not be considered . . . [except] in very limited circumstances, such as where refusal to consider the newly-raised issue would be plain error or would result in a fundamental miscarriage of justice."  Muth v. United States, 1 F.3d 246, 250 (4th Cir. 1993) (internal citations omitted).  We find that the district court did not plainly err in relying on controlling North Carolina law to award prejudgment interest. See N.C. Gen. Stat. Ann. § 24-5 ("In an action for breach of contract, except an action on a penal bond, the amount awarded on the contract bears interest from the date of breach."); Interstate Equip. Co., 234 S.E.2d at 601 (charging surety with prejudgment interest because "[t]he trend in North Carolina is . . . toward allowing interest in almost all cases involving breach of contract, and where the amount of damages can be ascertained from the contract, interest is allowed from the date of the breach").

III.

For the foregoing reasons, we affirm the order granting summary judgment in favor of the County.

<u>AFFIRMED</u>