An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1135
NORTH CAROLINA COURT OF APPEALS

Filed: 1 April 2014

MIKE VANEK,
      Plaintiff,

v.

GLOBAL SUPPLY AND LOGISTICS, INC.,
STANFORD "RON" BANKS, GREG
KIRCHNER, ROBERT MALZACHER, and
MARTIN BANKS,
      Defendants.

Mecklenburg County
No. 12-CVS-557

Appeal by Plaintiff from order entered 25 March 2013 by Judge James W. Morgan in Mecklenburg County Superior Court. Heard in the Court of Appeals 5 February 2014.

> *H. Morris Caddell, Jr., and Ronald A. Stearney, Jr., for Plaintiff.*
>
> *Moore & Van Allen PLLC, by David E. Fox, and Walker Wilcox Matousek, LLP, by Thomas G. Griffin, for Defendants.*

DILLON, Judge.

Mike Vanek (Plaintiff) appeals from the trial court's order dismissing with prejudice his claims against Global Supply and Logistics, Inc. (GSL), Stanford "Ron" Banks, Greg Kirchner, Robert Malzacher, and Martin Banks pursuant to Rule 12(b)(6) of

the North Carolina Rules of Civil Procedure on grounds that his claims were barred by the applicable three-year statute of limitations set forth in N.C. Gen. Stat. § 1-52. For the following reasons, we affirm.

## I. Factual & Procedural Background

Defendant GSL is a closely-held corporation which, according to Plaintiff, ceased all operations in April 2008. The instant case involves a dispute between Plaintiff, who made a substantial investment in GSL, and the individual Defendants Ron Banks, Greg Kirchner, Robert Malzacher, and Martin Banks, who are shareholders, officers and/or directors of GSL. Plaintiff essentially claims that the individual Defendants made misrepresentations concerning GSL and "engaged in a pattern of conduct that treated [GSL] as a personal bank and when [GSL] collapsed, stripped it of its assets to enrich themselves."

On 5 May 2008, Plaintiff, along with other individuals who were both officers and shareholders of GSL, filed a complaint against Defendants in Mecklenburg County Superior Court (the Original Action). Plaintiff subsequently filed an amended verified complaint on 24 October 2008, asserting a number of claims arising from his dispute with Defendants. However, on 23 September 2009, Plaintiff voluntarily dismissed these claims

pursuant to Rule 41(a) of the North Carolina Rules of Civil Procedure.

On 22 September 2010, Plaintiff commenced a second action against Defendants, this time in the Circuit Court of Cook County, Illinois (the Illinois Action), asserting substantially the same claims that he had asserted in the Original Action. On 8 July 2011, Defendants moved to dismiss Plaintiff's claims, contending, *inter alia*, that the forum selection clause in the parties' Shareholders Agreement required that Plaintiff bring his claims against them in North Carolina.

On 12 December 2011, the Illinois court entered an order dismissing Plaintiff's claims, stating, in pertinent part, the following:

> 1) The Court finds that the contracts referenced in the Complaint should be attached to the complaint and that the forum selection clause in the Shareholders Agreement is binding on plaintiff and broad in application covering all the claims asserted by Plaintiff and bars plaintiff from asserting those claims in a jurisdiction other than North Carolina.
>
> 2) The Court accordingly grants the motion and dismisses this action in favor of jurisdiction in North Carolina.

On 11 January 2012, Plaintiff filed a new complaint against Defendants, this time in Mecklenburg County Superior Court (the

Present Action), again asserting substantially the same claims that he had asserted against Defendants in the Original Action. Plaintiff concedes that only GSL and Ron Banks (hereinafter, Defendants) were served with the complaint in the Present Action.

On 26 March 2012, Defendants moved to dismiss Plaintiff's claims in the Present Action, contending, *inter alia*, that they were barred by the three-year statute of limitations under N.C. Gen. Stat. § 1-52. The matter was heard in Mecklenburg County Superior Court on 31 October 2012, and, by order entered 25 March 2013, the trial court agreed with Defendants and dismissed Plaintiff's claims "with prejudice pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure on the grounds that each of those claims are barred by the applicable 3 year statute of limitations." From this order, Plaintiff appeals.

## II. Jurisdiction

Plaintiff has voluntarily dismissed his claims against the Defendants not served with the complaint in the Present Action, namely, Greg Kirchner, Robert Malzacher, and Martin Banks. Accordingly, the trial court's 25 March 2013 order dismissing Plaintiff's claims against Defendants GSL and Ron Banks represents a final judgment, and we exercise jurisdiction over

Plaintiff's appeal pursuant to N.C. Gen. Stat. § 7A-27(b)(1) (2011).

### III. Analysis

The trial court determined that Plaintiff's claims in the Present Action accrued no later than 24 October 2008, when Plaintiff filed his amended complaint in the Original Action. On appeal, Plaintiff sets forth a number of arguments in support of his position that the trial court erred in concluding that his claims in the Present Action were barred by the statute of limitations, notwithstanding the fact that Plaintiff filed such claims on 11 January 2012, more than three years after his claims had accrued.[1]

### A. Change of Venue

Plaintiff first contends that the filing date of the Present Action should relate back to the date that he filed the Illinois Action. Plaintiff asserts that the trial court failed to give "full faith and credit" to the Illinois court order because it treated that order as an outright dismissal of his claims,

---

[1] We note that the trial court ordered Plaintiff, pursuant to Rule 41(d) of the North Carolina Rules of Civil Procedure, to pay Defendants' courts costs incurred in the Original Action. Plaintiff does not challenge the trial court's order in this respect, and we accordingly deem the issue abandoned. N.C. R. App. P. 28(b)(6) (providing that "[i]ssues not presented in a party's brief . . . will be taken as abandoned").

rather than as an order transferring venue to North Carolina. But Plaintiff cites no authority that would have authorized the Illinois court to remove or transfer an action filed in Illinois to a state court in North Carolina. *See* N.C. R. App. P. 28(b)(6) (providing that "[t]he body of [an appellant's] argument . . . shall contain citations of the authorities upon which the appellant relies"). Moreover, the record reveals that neither Plaintiff nor Defendants requested a transfer of venue; that the relevant transfer of venue provision, 735 ILCS 5/2-104, was never mentioned by either party; that the Illinois court's order granted Defendants' motion for outright dismissal of Plaintiff's claims; that Plaintiff did not appeal from the Illinois order; and that Plaintiff commenced a *new* action with the filing of the complaint in the Present Action after dismissal of his claims in the Illinois Action. Plaintiff's contention that the Illinois order somehow effected a transfer of venue from Illinois to North Carolina is, therefore, without merit, and we conclude that the trial court correctly construed the Illinois order as a dismissal of Plaintiff's claims.

## B. "Savings" Provision

Plaintiff further contends that, even if the Illinois order did not serve to transfer venue of his claims to North Carolina,

his filing of the Present Action was nevertheless timely. Plaintiff advances a number of arguments on this point; however, we find them unconvincing.

First, any reliance by Plaintiff on the "savings" provisions in Rule 41 of our Rules of Civil Procedure is misplaced. Rule 41(a) allows a plaintiff to file an action within one year of taking a voluntary dismissal, notwithstanding that the statute of limitations may have run on his claims since he commenced the initial action. N.C. Gen. Stat. § 1A-1, Rule 41(a) (2011). Rule 41(a), however, is inapplicable here, since Plaintiff filed the Present Action on 12 January 2012, more than one year after he voluntarily dismissed the Original Action on 23 September 2009. Further, Rule 41(b) allows a plaintiff additional time to refile an action that is involuntarily dismissed – where the dismissal is without prejudice – if the court specifies "in its order that a new action based on the same claim may be commenced within one year or less after such dismissal." N.C. Gen. Stat. § 1A-1, Rule 41(b) (2011). We have held that it is generally the plaintiff's burden to convince the court to include in its dismissal order a statement permitting the plaintiff additional time to refile the action. *84 Lumber Co. v. Barkley*, 120 N.C. App. 271, 461 S.E.2d 780 (1995). This

holds true even if the prior dismissal is from another forum. *Harter v. Vernon*, 139 N.C. App. 85, 532 S.E.2d 836 (2000) (pertaining to dismissed federal action refiled in state court). Here, the Illinois court did not include in its order any provision permitting Plaintiff additional time to refile his action; and there is nothing in the record to indicate that Plaintiff made such a request. Accordingly, the savings provisions under Rule 41 are inapplicable.

Plaintiff also argues that the Present Action was timely filed because it was filed within 30 days of entry of the order dismissing the Illinois Action. We have held that where a federal court has dismissed a state court action, the plaintiff may take advantage of a savings provision in the United States Code allowing a plaintiff 30 days to refile a claim or claims in state court, notwithstanding that the applicable statute of limitations may have run during the pendency of the federal action. *Id.* However, Plaintiff cites no authority that would provide for such a savings provision in the context presented, where a plaintiff refiles a dismissed state court action in another state court.

Thus, absent a tolling of the statute of limitations under one of the equitable doctrines advanced by Plaintiff and

discussed below, we must conclude that Plaintiff's claims were appropriately dismissed as time-barred under N.C. Gen. Stat. § 1-52.

## C. Equitable Estoppel

Plaintiff contends that "if the North Carolina statute of limitations applies, it should be equitably tolled." We disagree.

"Under the doctrine of equitable tolling, equity will deny a party's right to assert a technical defense, such as lapse of time, 'when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith.'" *Town of Pineville v. Atkinson/Dyer/Watson Architects, P.A.*, 114 N.C. App. 497, 500, 442 S.E.2d 73, 74-75 (1994) (quoting *Nowell v. Great Atl. & Pac. Tea Co.*, 250 N.C. 575, 579, 108 S.E.2d 889, 891 (1959)). "[A] plaintiff who seeks to obtain equitable tolling of a limitations period must show that the misrepresentations he reasonably relied upon were made by the party raising the defense[.]" *Id.* at 500, 442 S.E.2d at 75 (citing *Charlotte Telecasters, Inc. v. Jefferson-Pilot Corp.*, 546 F.2d 570 (4th Cir. 1976); *Duke Univ. v. Stainback*, 320 N.C. 337, 357 S.E.2d 690 (1987)).

Here, there was no evidence before the trial court indicating that Defendants in any way induced Plaintiff to bring his claims against them in Illinois. The record evidence reveals that Plaintiff, an Illinois resident, voluntarily dismissed his claims against Defendants in the Original Action and, notwithstanding the forum selection clause in the parties' Shareholders Agreement, subsequently made the unilateral decision to file the same claims against Defendants in Illinois. Notably, Plaintiff does not argue that Defendants made any misrepresentations or otherwise engaged in conduct that induced him to initiate the Illinois Action or to otherwise delay his bringing the Present Action in North Carolina. Absent any such misrepresentations on Defendants' part, "as a matter of law, the equitable tolling doctrine does not apply to the limitations period . . . ." *Town of Pineville*, 114 N.C. App. at 500, 442 S.E.2d at 75.

Plaintiff further argues that "the point of the statute of limitations is to put a defendant on notice and to defend a litigant from a stale action" and "[t]his is not a case where the Defendants are being confronted with a stale action or are surprised by the allegations." This contention ignores the *equitable* element that must be present in order to invoke an

equitable tolling of the statute of limitations. Even assuming that Defendants had been put on notice of Plaintiff's claims by virtue of the claims asserted against them in the Original Action, this fact would not dispense with the requirement that Plaintiff demonstrate his reasonable reliance upon misrepresentations or other inducing conduct by Defendants that caused him to delay filing his claims in the Present Action. Accordingly, this contention is overruled.

### D. Judicial Estoppel

Plaintiff also contends that "judicial estoppel bars Defendants from raising the statute of limitations." We disagree.

Judicial estoppel is an equitable doctrine which "precludes a party from making a factual assertion on one position when it had successfully argued the opposite position in a previous proceeding[.]" *Wiley v. United Parcel Serv., Inc.*, 164 N.C. App. 183, 188, 594 S.E.2d 809, 812 (2004). Whereas equitable estoppel "is designed to promote fairness between the parties, . . . judicial estoppel seeks primarily to protect the integrity of judicial proceedings." *Whitacre P'ship v. Biosignia, Inc.*, 358 N.C. 1, 17, 591 S.E.2d 870, 881 (2004). Our Supreme Court has stated that the following three factors are relevant in

determining whether application of the judicial estoppel doctrine is appropriate in a particular case:

> First, a party's subsequent position must be clearly inconsistent with its earlier position. Second, courts regularly inquire whether the party has succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding might pose a threat to judicial integrity by leading to inconsistent court determinations or the perception that either the first or the second court was misled. Third, courts consider whether the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped.

*Id.* at 29, 591 S.E.2d at 888–89 (citations and quotation marks omitted).

Here, Plaintiff frames his judicial estoppel argument as follows: In seeking dismissal of Plaintiff's claims in the Illinois Action, Defendants cited the Shareholders Agreement's forum selection clause and asserted that Plaintiff had not demonstrated that he would be deprived of his day in court if that clause were enforced; Defendants essentially contended, according to Plaintiff, that a dismissal of the Illinois Action would not result in any detriment to Plaintiff since Plaintiff would still be able to bring his claims against Defendants in

North Carolina; then, when Plaintiff subsequently filed those same claims in North Carolina, Defendants took an "inconsistent position" in asserting the statute of limitations as a defense to Plaintiff's claims.

We disagree with Plaintiff that the positions advocated by Defendants in the Illinois Action and subsequently in the Present Action were clearly inconsistent. Defendants succeeded in dismissing Plaintiff's claims in the Illinois Action because the Illinois court accepted Defendants' position that the Shareholders Agreement's forum selection clause required Plaintiff to bring his claims in North Carolina. Whether Plaintiff would be "deprived of his day in court" as a result of the dismissal may or may not have factored into the court's decision, since, as we have held *supra*, the court's order was an order of dismissal, *not* an order transferring venue to North Carolina. Thus, although Defendants' assertion of the statute of limitations, and the trial court's acceptance thereof, in the Present Action resultantly barred Plaintiff's claims, we cannot say that this result followed from clearly inconsistent positions advanced by Defendants.

Moreover, we discern no inconsistency in the Illinois court's dismissal on the basis of the forum selection clause and

the trial court's dismissal in the Present Action based on the statute of limitations. The result might be different had the Illinois court, as Plaintiff insists, ordered a transfer of venue; but that was not the case here. Nor do we believe that these proceedings have resulted in any *unfair* detriment to Plaintiff. It was Plaintiff's decision to file his claims in Illinois notwithstanding the forum selection clause in the Shareholders Agreement, and it was Plaintiff's responsibility to be cognizant of the applicable statute of limitations in North Carolina. We reject Plaintiff's insinuation that it was the duty of Defendants' counsel, in seeking dismissal of the Illinois Action, to conduct Plaintiff's due diligence for him and to inform him of any potential bars to his claims in North Carolina. Plaintiff's contentions on this issue are overruled.

## III. Conclusion

In light of the foregoing, the trial court's 25 March 2013 order is hereby

AFFIRMED.

Judges BRYANT and STEPHENS concur.

Report per Rule 30(e).