**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 15-2208

TROY D. PETTY; ANNAH A. PETTY,

             Plaintiffs – Appellants,

    v.

MARVIN LUMBER AND CEDAR COMPANY, t/a MARVIN WINDOWS AND
DOORS,

             Defendant - Appellee.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Elizabeth City.   James C. Fox,
Senior District Judge.  (2:13-cv-00062-F)

Submitted:  March 31, 2016            Decided:  April 12, 2016

Before MOTZ, SHEDD, and WYNN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Norman W. Shearin, Kevin A. Rust, VANDEVENTER BLACK, LLP,
Raleigh, North Carolina, for Appellants.    Thomas H. Boyd,
Michael E. Obermueller, WINTHROP & WEINSTINE, P.A., Minneapolis,
Minnesota; Wes J. Camden, Brooks Pierce, Raleigh, North
Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Troy D. Petty and Annah A. Petty appeal from the district court's order dismissing their civil complaint as barred by the statute of limitations. The Pettys sought damages under contract and warranty causes of action for damages caused by the Defendant's allegedly defective windows. Finding the complaint untimely filed, we affirm.

I.

On appeal, the Pettys do not dispute that their claims are barred by the statute of limitations. Rather, they argue that the Defendant waived the protection of the statute of limitations by providing an express warranty of ten years. We review a district court's dismissal of a pleading on statute of limitations grounds de novo. Cruz v. Maypa, 773 F.3d 138, 143 (4th Cir. 2014).

The Pettys rely on Christie v. Hartley Constr., 766 S.E.2d 283, 287-88 (N.C. 2014), which affirmed the right of parties to contract around a statute of repose. Christie offers the Pettys no assistance. The instant case concerns a statute of limitations which, as the Christie court recognized, "exhibit significant differences in both form and function" from statutes of repose. Id. at 286. One way North Carolina treats statutes of limitations differently from statutes of repose is by

2

forbidding parties from extending the four year statute of limitations for contract claims. See N.C. Gen. Stat. § 25-2-725(1) (2015). Thus, the district court correctly dismissed the Pettys' complaint as untimely.

II.

Next, the Pettys assert that, even if the Defendant did not waive its statute of limitations defense, they were entitled to equitable tolling during the time of the Defendant's repair attempts. Where the district court denies equitable tolling as a matter of law, we will review the court's determinations de novo. Cruz, 773 F.3d at 143. However, where the issue is whether facts bearing on the inquiry have been appropriately pled, the standard of review is abuse of discretion. See Chao v. Virginia Dep't of Transp., 291 F.3d 276, 279-80 (4th Cir. 2002). Here, the district court found that the complaint lacked sufficient detail to determine whether equitable tolling applied. We review that determination for abuse of discretion.

Under the doctrine of equitable tolling, a party is barred from asserting a technical defense, such as a statute of limitations, "when delay has been induced by acts, representations, or conduct, the repudiation of which would amount to a breach of good faith." Nowell v. Great Atl. & Pac. Tea Co., 108 S.E.2d 889, 891 (N.C. 1959). However, a plaintiff

3

who seeks to obtain equitable tolling of a limitations period must show that he reasonably relied upon a representation made by the Defendant. See Town of Pineville v. Atkinson/Dyer/Watson Architects, P.A., 442 S.E.2d 73, 74-75 (N.C. Ct. App. 1994). In this case, regardless of when the repairs took place or how long they took, the Pettys have failed to make any allegation that they relied on any representations by the Defendant.

Contending that they were not required to do so, the Pettys rely on Haywood St. Redevelopment Corp. v. Harry S. Peterson, Co., 463 S.E.2d 564, 567 (N.C. Ct. App. 1995), which held that the limitations period for a breach of express warranty claim may be tolled "during the time the seller endeavors to make repairs to enable the product to comply with a warranty." In their complaint, the Pettys list dates that Defendant attempted to "assess" and "repair" the windows, ranging from October 2010 until November 2012. However, assuming Haywood stands for the proposition that repairs can toll the statute of limitations even in the absence of inducements and reliance, the Pettys have still, as the district court found, failed to specify how long each repair took, failed to explain the details of the testing and inspections, and failed to allege that the repairs were made in order to enable the product to comply with its warranty. Moreover, after the district court warned the Pettys about their insufficient pleading, they failed to offer any further details

4

in their amended complaint. Absent the necessary details, we conclude that the district court did not abuse its discretion in not applying the equitable tolling doctrine.

III.

For the foregoing reasons, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>