IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA22-926

Filed 7 May 2024

Mecklenburg County, No. 21-CVS-10927

JAVA WARREN AND JANNIFER WARREN, Plaintiffs,

v.

CIELO VENTURES, INC. D/B/A SERVPRO NORTH CENTRAL MECKLENBURG COUNTY, Defendant.

Appeal by plaintiffs from order entered 19 May 2022 by Judge Louis A. Trosch in Mecklenburg County Superior Court. Heard in the Court of Appeals 12 April 2023.

> *Crawford Law Office, PC, by Derek Crawford, and the Cochran Firm, by Jeffrey Mitchell and Hugo L. Chanez, for plaintiffs-appellants.*

> *Hendrick Gardner Kincheloe & Garofalo, LLP, by M. Duane Jones, David L. Levy, and Kristy M. D'Ambrosio, for defendant-appellee.*

STADING, Judge.

Java and Jannifer Warren ("plaintiffs") appeal from the trial court's order granting summary judgment for Cielo Ventures, Inc., conducting business as Servpro of North Central Mecklenburg County ("defendant"). The trial court ruled that the one-year limitation of liability clause in defendant's work authorization contract extended to claims made under North Carolina's Unfair and Deceptive Trade Practices Act ("UDTPA"). N.C. Gen. Stat. § 75-1.1 (2023). For the reasons below, we

vacate the trial court's order and remand for further proceedings consistent with this opinion.

## I.    Background

On 8 July 2017, plaintiffs discovered their water heater leaked throughout their house. That same day, plaintiffs notified their homeowner insurance provider, Government Employees Insurance Company ("GEICO"), of the incident. GEICO operated through Homesite Insurance. After plaintiffs contacted GEICO, defendant's representatives conducted a preliminary inspection of the house on 10 July 2017. Defendant informed plaintiffs that the water leak resulted in extensive damage to the house, requiring them to "bring in the calvary," and start work immediately. Defendant recommended that plaintiffs get a hotel in the meantime.

Plaintiffs and defendant entered into an agreement entitled "Authorization to Perform Services and Direction of Payment" ("authorization contract"). Among other terms, the authorization contract contained a clause stating:

> NO ACTION, REGARDLESS OF FORM, RELATING TO THE SUBJECT MATTER OF THIS CONTRACT MAY BE BROUGHT MORE THAN ONE (1) YEAR AFTER THE CLAIMING PARTY KNEW OR SHOULD HAVE KNOWN OF THE CAUSE OF ACTION.

On 20 July 2017, plaintiffs visited the house and discovered defendant had completed minimal or no remediation work at all. Later inquiries revealed that another project preoccupied defendant. The unattended water damage allowed mold to proliferate throughout the house. Plaintiffs thus retained the services of another

company, hoping to remediate the damage to their house. After the failed attempt, a certified industrial hygienist found visible mold throughout the house and concluded that the threshold for remediation had been surpassed. As a result, plaintiffs' house was demolished, for which Homesite Insurance compensated them.

On 9 July 2021, plaintiffs filed a claim under North Carolina's UDTPA against defendant. In response, defendant sought summary judgment, arguing that the claim was time-barred under the authorization contract. At the end of the hearing on the motion, the trial court granted summary judgment for defendant "based on the statute of limitations" as lessened by the authorization contract. Plaintiffs timely filed a notice of appeal challenging the trial court's order.

## II. Jurisdiction

This Court has jurisdiction to hear plaintiffs' appeal under N.C. Gen. Stat. § 7A-27(b)(1) (2023).

## III. Analysis

Plaintiffs assert several reasons for their challenge to the trial court's grant of summary judgment for defendant. First, they contend that precedent rejects one-year limitation clauses for UDTPA claims as unreasonable. Second, they argue that N.C. Gen. Stat. § 75-16.2 (2023) precludes contractual time limitations of UDTPA claims, which proscribes a four-year statutory limitations period. As discussed below, because of the policy underpinning the UDTPA, we hold that the one-year clause of

limitation contained in the work authorization contract does not apply to UDTPA claims and must yield to the statutorily prescribed limitation.

## A. Summary Judgment Order

At first blush, the order granting summary judgment for the defendant lacks a prima facie rationale for its disposition. This Court may review only "what is in the record or in the designated verbatim transcript. . . ." *State v. Moore*, 75 N.C. App. 543, 548, 331 S.E.2d 251, 254 (1985) (citing N.C. R. App. P. 9(a)). It can know "only what appears of record on appeal. . . ." *State v. Perry*, 229 N.C. App. 304, 316, 750 S.E.2d 521, 531 (2013) (citation omitted). Even though such rationale is unnecessary to determine a summary judgment order's validity, explanations do not void the judgment "and may be helpful, if the facts are not at issue and support" it. *Danaher v. Joffe*, 184 N.C. App. 642, 645, 646 S.E.2d 783, 785 (2007) (citation omitted).

Here, the trial court orally explained that it "grant[ed] the motion for summary judgment . . . based on the statute of limitations." It reached that decision only "after hearing from [c]ounsel, reviewing the file in this matter, as well as the materials submitted by both parties[, and] additional attachments." (ellipses omitted). Upon review of the transcript, we conclude that the trial court based its grant of summary judgment for defendant on the authorization contract's one-year limitation of claims clause.

A party is entitled to summary judgment as a matter of law "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact. . . ." N.C. R. Civ. P. 56(c). In response to an appeal of a trial court's order for summary judgment, we review *de novo* two "critical questions of law": whether "(1) there is a genuine issue of material fact and[ ] (2) whether the movant is entitled to judgment as a matter of law." *Manecke v. Kurtz*, 222 N.C. App. 472, 474–75, 731 S.E.2d 217, 220 (2012) (citations omitted). We assess the record's evidence "in the light most favorable to the non-mov[ant]." *Id.* (citation omitted). At issue is whether the one-year clause of limitation or the four-year statute of limitation applies to plaintiffs' UDTPA claim. There is no genuine issue of material fact for us to resolve in this matter. Instead, we address whether case and statutory law compel the application of the time limitation provided by the work agreement or the UDTPA.

## B. Statute of Limitations Precedent

Plaintiffs first argue that this Court's opinion in *Holley v. Coggin Pontiac, Inc.*, 43 N.C. App. 229, 259 S.E.2d 1 (1979) explicitly rejects enforcement of one-year limitation clauses for UDTPA claims as contrary to public policy. We ultimately agree that plaintiffs' UDTPA claim is not time-barred. However, we do not rely on *Holley* because a limitation of liability clause was not at the heart of its legal analysis. Rather, this Court was tasked with determining "the appropriate statute of limitations for the [UDTPA] . . . in the decade between 1969 and 1979." *Id.* at 234, 259 S.E.2d at 5. The question for this Court was whether a one-year or a three-year statute should apply to such claims. *Id.* at 239, 259 S.E.2d 1, 8 (1979). To arrive at

its conclusion, the *Holley* Court analyzed "the statutory scheme by which North Carolina regulates unfair trade practices" and noted "that the General Assembly has subsequently extended this period to four years. . . ."[1] *Id.* at 234, 259 S.E.2d at 5. It applied canons of construction to choose the longer three-year statute when the applicable statute of limitations is an open question. *See id.* at 241, 259 S.E.2d at 8. While instructive, *Holley* does not address the precise issue before us: whether parties can contractually agree to a time limit for asserting claims under the UDTPA.

### C. Legislative Purpose of the UDTPA

Defendant relies in part on *Steele v. Safeco Ins. Co. of Am.*, 223 N.C. App. 522, 735 S.E.2d 451 (2012) (unpublished table decision), to argue that a contractually shortened one-year limitation clause is reasonable for UDTPA claims. Regardless of *Steele*'s nonbinding dictum on this point, we hold that allowing limitations for such claims would circumvent the General Assembly's stated purpose in enacting the UDTPA. The more appropriate analysis lies in considering the UDTPA's statutory text, legislative purpose, and specific creation of a private right of action subject to a prescribed four-year statute of limitations. The General Assembly "establish[ed] an effective private cause of action for aggrieved consumers in this State . . . because

---

[1] While the *Holley* litigation was underway, the North Carolina General Assembly enacted a four-year bar to similar claims that did not apply to "any [then-]pending civil action." *Holley*, 43 N.C. App. at 239, 259 S.E.2d at 7–8 (quoting H.B. 238, 1979 Gen. Assemb., Reg. Sess. ch. 169, sec. 2 (N.C. 1979)).

- 6 -

common law remedies had proved often ineffective." *Marshall v. Miller*, 302 N.C. 539, 549, 276 S.E.2d 397, 403 (1981). Enacted in 1969[2] and amended in 1977,[3] North Carolina's UTDPA interdicts "unfair or deceptive acts" that affect intrastate "commerce." S.B. 515, 1969 Gen. Assemb., Reg. Sess. ch. 833 (N.C. 1969), *amended by* H.B. 1050, 1977 Gen. Assemb., Reg. Sess. ch. 747 (N.C. 1977). In 1979, the General Assembly further amended the state's UTDPA to bar "[a]ny civil action brought to

---

[2] The relevant 1969 statutory text is as follows:

**G.S. 75-1.1. Methods of competition, acts and practices regulated: legislative policy.**

(a) Unfair methods of competition and *unfair or deceptive acts* or practices in the conduct of any trade or *commerce* are hereby declared unlawful, [and]

(b) The *purpose* of this Section is to declare, and to provide civil legal means to maintain, ethical standards of dealings between persons engaged in business, and between persons engaged in business and the consuming public within this State, to the end that *good faith and fair dealings* between buyers and sellers at all levels of commerce be had in this State[.]

S.B. 515, 1969 Gen. Assemb., Reg. Sess. ch. 833, sec. 1, subsec. b, ll.13–19 (N.C. 1969) (codified as amended at N.C. Gen. Stat. § 75-1.1(a)–(b)) (emphases added).

[3] The relevant 1977 statutory text is as follows:

**Section 1.** G.S. 75-1.1(a) is rewritten to read as follows:

(a) *Unfair* methods of competition in or affecting *commerce*, and *unfair or deceptive acts* or practices in or affecting *commerce*, are declared unlawful.

**Sec. 2.** G.S. 75-1.1(b) is rewritten to read as follows:

(b) For purposes of this section, "*commerce*" includes all business activities, however denominated, but does not include professional services rendered by a member of a learned profession.

H.B. 1050, 1977 Gen. Assemb., Reg. Sess. ch. 747 (N.C. 1977) (codified at N.C. Gen. Stat. § 75-1.1(a)–(b)) (emphases added).

enforce [its] provisions unless commenced within four years" of the alleged injury.[4]
H.B. 238, 1979 Gen. Assemb., Reg. Sess. ch. 169, sec. 1 (N.C. 1979) (ellipses omitted).
"An action for unfair or deceptive practices is a creation of statute, and therefore *sui generis*, so the cause of action exists independently, regardless of whether a contract was breached." *Nelson v. Hartford Underwriters Ins.,* 177 N.C. App. 595, 608, 630 S.E.2d 221, 231 (2006).

Instead of a breach of contract claim, plaintiffs stated a claim under the UDTPA "distinct from other claims with respect to statutes of limitations." *See Page v. Lexington Ins.,* 177 N.C. App. 246, 251, 628 S.E.2d 427, 430 (2006) (applying a three-year statute of limitations to the breach of contract, breach of fiduciary duty, and bad faith claims, but treating the UDTPA claim as separate and distinct with a four-year limitations period). ); *see also Hunter v. Guardian Life Ins. Co. of Am.*, 162 N.C. App. 477, 485, 593 S.E.2d 595, 601 (holding that applicable four-year and two

---

[4] The relevant 1979 statutory text is as follows:

**Section 1.** Chapter 75 of the General Statutes is amended as follows:

**§ 75-16.2. Limitation of actions.** — *Any* civil action brought under this Chapter to enforce the provisions thereof shall be barred *unless commenced within four years* after the cause of action accrues.

**Sec. 2.** This act is effective upon ratification but *shall not apply* to any *pending* civil action.

H.B. 238, 1979 Gen. Assemb., Reg. Sess. ch. 169 (N.C. 1979) (codified at N.C. Gen. Stat. § 75-16.2) (internal quotation marks and ellipses omitted) (emphases added).

three-year statutes of limitation, respectively, did not bar the plaintiffs' UDTPA, fraud, and negligence claims).

This Court has read a "deceptive" act under the UTDPA as any "practice [that] has the capacity or tendency to deceive" another party. *Walker v. Fleetwood Homes of N.C., Inc.*, 176 N.C. App. 668, 671, 627 S.E.2d 629, 631–32 (2006) (citation omitted) (aff'd), *in part sub nom. rev'd in part on other grounds*, 362 N.C. 63, 653 S.E.2d 393 (2007). "'Unfairness' is a broader concept than. . . 'deception.'" *Id.* An affirmative act of deception definitionally requires deceitful intent. *See* Deception, Black's Law Dictionary (11th ed. 2019). An unfair practice, on the other hand, "offends established public policy." *Id.* The practice may also be "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Id.* (holding that a violation of regulatory statutes regarding warranty repairs for manufactured homes may support a UDTPA claim); *see also Morgan v. AT&T Corp.*, 168 N.C. App. 534, 540–41, 608 S.E.2d 559, 564 (2005) (holding that the plaintiff's UDTPA claim survived summary judgment when the defendant phone company continued to bill the plaintiff long after she canceled the contract).

In North Carolina, our courts have acknowledged the ability of parties to contractually shorten their claim limitations in some cases. *See, e.g.*, *Town of Pineville v. Atkinson/Dyer/Watson Archs., P.A.*, 114 N.C. App. 497, 499, 442 S.E.2d 73, 74 (1994) (two-year limitation); *Horne-Wilson, Inc. v. Nat'l Sur. Co.*, 202 N.C. 73, 161 S.E. 726 (1932) (one-year limitation); *Welch v. Phx. Assur. Co.,* 192 N.C. 809, 136

S.E. 117 (1926) (one-year limitation).  Yet, in considering the claim at issue in this matter, we must pay deference to the legislative purpose of the UDTPA:

> To provide civil legal means to maintain ethical standards of dealings between persons engaged in business and . . . the consuming public within this State, to the end that good faith and dealings between buyers and sellers at all levels of commerce be had in this State.

N.C. S.B. 515 (1969) (brackets omitted), *amended by* N.C. H.B. 1050 (1977).  Our courts thus look to whether the allegedly unfair action violates public policy and how the action affects consumers.  *Walker*, 176 N.C. App. at 671, 627 S.E.2d at 631–32; *Morgan*, 168 N.C. App. at 540–41, 608 S.E.2d at 564.  This public policy weighs against permitting contractual abrogation of the UDTPA statute of limitations.

Statutes of limitation compel rights of action within a reasonable time "to ensure that the opposing party has a fair opportunity to defend" against otherwise "stale claims."  51 Am. Jur. 2d *Limitation of Actions* § 17 (1970); *cf. id.* § 7 (2024). Statutes of limitation are public policy choices that "determine[e] of the point at which the right of a party to pursue a claim must yield to competing interests, such as the *unfairness* of requiring the opposing party to defend against" outdated claims.  *Morris v. Rodeberg*, 385 N.C. 405, 409, 895 S.E.2d 328, 331 (2023) (emphasis added).  They are pragmatically "blunt instruments" created by the General Assembly "to promote—not defeat—the ends of justice."  *Id.*  And so, this policy of repose yields "where the interests of justice require vindication of the plaintiff's rights."  *Burnett v. New York Cent. R.R. Co.*, 380 U.S. 424, 428, 13 L.Ed. 2d 941, 945, 85 S.Ct. 1050, 1055

(1965). Considering the foregoing, this Court will not construe the generalized one-year clause of limitation contained in the authorization contract as a bar to plaintiffs' claim asserted under North Carolina's UDTPA.

## IV.    Conclusion

The trial court erred in finding that plaintiffs' UDTPA claim was time-barred by the limitation included in the work authorization contract. Accordingly, we vacate the trial court's order granting summary judgment for defendant and remand for further proceedings consistent with this opinion.

VACATED AND REMANDED.

Judges WOOD and GORE concur.